72 F.3d 132
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Perry Du. W. CAUDLE, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-1620.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 17, 1995.*
Decided Dec. 8, 1995.
 
 Before FLAUM, MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Perry Du. Wayne Caudle sued the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. Secs. 2671-2680, for injuries he sustained when he was attacked by another inmate in a federal penitentiary. The district court dismissed the action for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), finding that the "discretionary function exception" to the FTCA, 28 U.S.C. Sec. 2680(a), barred Caudle's action. We affirm.
 
 
 2
 In June 1992, Caudle was transferred to the United States Penitentiary at Terre Haute. After interviewing and screening Caudle, the prison officials determined that he should be assigned to housing unit G-1, a unit designed for inmates with a history of assaultive behavior. The unit has twenty-four hour staff coverage, achieved by the continuous assignment of a correctional officer who makes random patrols at approximately thirty minute intervals. Shortly after his assignment there, Caudle was severely stabbed by another prisoner without provocation.
 
 
 3
 Caudle filed a tort action with the Bureau of Prisons, which was denied. He then filed the present FTCA action, alleging in his complaint that the United States is liable to him for its negligence, first, in classifying him and, second, in supervising Unit G-1. The district dismissed his action for lack of subject matter jurisdiction, and Caudle appeals.
 
 
 4
 The FTCA is a limited waiver of sovereign immunity, authorizing suits against the United States for negligence in the same manner and extent as a similarly situated private individual. 28 U.S.C. Secs. 1346(b), 2674. There are a number of exceptions, one of which, the discretionary function exception, retains sovereign immunity against any claim based on the governmental exercise of a discretionary function, regardless of whether that discretion has been abused. 28 U.S.C. Sec. 2680(a). This important exception is designed to prevent judicial second-guessing of legislative and administrative decisions involving an element of judgment or choice and grounded in considerations of public policy. See United States v. Gaubert, 499 U.S. 315, 322-23 (1991).
 
 
 5
 The Bureau of Prisons, under the direction of the Attorney General, has a broad statutory duty to, among other things, "provide for the safekeeping ... [and] protection ... of all persons charged with or convicted of offenses against the United States." 18 U.S.C. Secs. 4042(a)(2)-(3). The congressional mandate further provides that:
 
 
 6
 The Federal penal and correctional institutions shall be so planned and limited in size as to facilitate the development of an integrated system which will assure the proper classification and segregation of Federal prisoners according to the nature of the offenses committed, the character and mental condition of the prisoners, and such other factors as should be considered in providing an individualized system of discipline, care, and treatment of the persons committed to such institutions.
 
 
 7
 This duty is not discretionary. The manner is which the Bureau fulfills this duty is, however, committed to its discretion. See Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). The Bureau must balance a variety of factors and employ considerable discretion in determining how to go about protecting prisoners from harm, while also managing costs and ensuring the safety of the prison staff and the community. See Bailor v. Salvation Army, 51 F.3d 678 (7th Cir.1995) (United States immune from negligence suit concerning placement of inmate in halfway house, where decision involved discretion and considerations of public policy). As such, the manner of inmate classification undertaken is a discretionary function not subject to review in this court under the FTCA.
 
 
 8
 Similarly, the precise methods developed by the Bureau to supervise Unit G-1 were matters within its discretion.[1] As the Supreme Court has observed, "a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators." Rhodes v. Chapman, 452 U.S. 337, 349 n. 14 (1981). Moreover, the manner in which the Bureau provides for such security involves questions of public policy, including the appropriate allocation of resources and effective provision of prison security. For the courts to attempt to direct the prisons in how best to fulfill this duty would be to engage in the very sort of judicial second-guessing of legislative and administrative decisions that the discretionary function exception is designed to prevent.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Caudle asserts that 28 C.F.R. Sec. 551.140, a provision which has since been removed, imposed a mandatory duty on prison officials to provide emergency signaling devices in locked housing units, and that they did not do so. The United States counters that the regulation was intended only to require emergency fire detection devices, and that such devices were present. The purpose of the regulation is immaterial here, however, because by its own terms it applied only to locked housing units that, unlike Unit G-1, lack 24-hour staff coverage