**Hector Samuel MARTINEZ DIAZ, Petitioner,**

v.

**Keith E. OLSEN, Warden, F.C.I. Fairton, Respondent.**

**No. CIV. A. 00–980.**

United States District Court, D. New Jersey.

July 19, 2000.

Hector Samuel Martinez Diaz, Manchester, KY, pro se.

Office of U.S. Attorney Robert J. Cleary by Paul A. Blaine, Assistant U.S. Attorney, Camden, NJ, for Respondent.

## OPINION

IRENAS, District Judge.

Presently before this Court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, Hector Samuel Martinez Diaz ("petitioner" or "Diaz"), was incarcerated at Federal Correctional Institute ("F.C.I.") Fairton when he initiated this proceeding on April 18, 2000. He is presently incarcerated at F.C.I. Manchester in holdover status. Diaz contests the legality and constitutionality of his sentence on twelve grounds and contends that he should be re-sentenced for time served. For the reasons set forth below, petitioner's application is denied.

## I. BACKGROUND

On April 28, 1992, petitioner was arrested in St. Croix, Virgin Islands. He was charged with kidnaping for extortion in violation of 14 V.I.C. § 1052(a); first degree rape (two counts) in violation of 14 V.I.C. § 1701(2)(3); and tampering with a witness in violation of 18 U.S.C. § 1512(b). On October 7, 1992, petitioner was sentenced by the District Court for the United States Virgin Islands to serve a life sentence on the kidnaping offense, five years on each count of rape, and ten years for witness tampering.

Petitioner appealed his sentence to the Third Circuit Court of Appeals. On appeal he argued:

(1) that the evidence was insufficient to convict him of kidnaping for extortion; (2) that the trial court abused its discretion in admitting evidence of prior bad acts (police reports of other instances of domestic assault); (3) that the Court abused its discretion in allowing testimony regarding the Battered Women Syndrome; and (4) the court abused its discretion when it denied Appellant's motion to sever one count of witness tampering from the underlying offense.

(Order Dismissing Case.) On February 25, 1993, the United States Government moved to dismiss Diaz's appeal because its motion for reconsideration of Diaz's sentence was pending in the District Court. The Government's motion was granted and on March 17, 1993, the Third Circuit remanded Diaz's case to the District Court for re-sentencing. On March 25, 1993, the District Court re-sentenced Diaz to serve a total of twenty years imprisonment, followed by three years of supervised release. Petitioner's projected release date is January 10, 2009.

On May 10, 1993, petitioner filed a motion to re-open his appeal. This motion

was granted on June 28, 1993. On February 17, 1994, the Third Circuit affirmed petitioner's convictions. *United States v. Diaz,* 17 F.3d 1431 (3d Cir.1994)(unpublished). On September 14, 1994, petitioner filed the first of several motions to reduce his sentence with the District Court. In these motions he asserted "that the assault giving rise to the charges was merely a domestic quarrel which was blown out of proportion...." (Order Dismissing Case)(internal quotations omitted).

On October 31, 1996, while he was serving his sentence at the F.C.I. in Coleman, Florida, petitioner filed a motion entitled "Civil Rights Complaint with Jury Demand" with the Middle District of Florida. The Court construed petitioner's motion as a § 2255 habeas corpus petition and transferred it to the District Court for the United States Virgin Islands, the sentencing court. On May 1, 1997, petitioner's § 2255 petition was denied. On May 9, 1997, petitioner appealed the District Court's denial of his § 2255 petition and moved to construe it as a motion pursuant to 42 U.S.C. § 1983. On September 11, 1997, the Third Circuit dismissed petitioner's claim as frivolous. However, the dismissal did not bar him from filing a subsequent § 2255 petition. On March 16, 1998, petitioner filed a § 2255 petition alleging the following:

> (1) that the district court (federal authorities) had no jurisdiction to try the crimes with which he was charged because the crimes did not take place on government owned lands; (2) that the sentence is illegal; and (3) that the sentence should be vacated because the use of prior bad conduct to enhance his sentence violated the double jeopardy clause.

(Order Dismissing Case.)

On August 31, 1998, the District Court of the United States Virgin Islands denied Diaz's § 2255 petition and found him in violation of an October 11, 1994, Order which required that any additional pleadings submitted by petitioner must be certified as new claims and submitted with the required fee. Petitioner did not appeal the sentencing court's denial of his § 2255 petition. Instead, on April 18, 2000, petitioner filed the instant habeas corpus application with this Court pursuant to 28 U.S.C. § 2241.

In his current application, petitioner alleges that: (1) his right to a fair trial and sentence was violated by a sentencing enhancement which was based on a criminal conviction in Puerto Rico that was prosecuted without an indictment; (2) his sentence was erroneously enhanced based on a Florida conviction in which he had entered a plea of nolo contendre; (3) his sentence was erroneously enhanced based on prior bad acts for which he had never been convicted; (4) three local code offenses were unlawfully prosecuted together with one federal offense in order to increase his sentencing base offense level; (5) his criminal history was incorrectly computed based on a prior conviction in Puerto Rico; (6) his guideline range was erroneously calculated; (7) his due process rights were violated during his original sentence and he was subsequently re-sentenced on false information in his Pre-Sentence Investigation Report; (8) he received ineffective assistance of counsel at sentencing and re-sentencing; (9) the retroactive application of Megan's Law, 18 U.S.C. § 4042(b) and (c) and the Bureau of Prisons ("BOP") Program Statement 5141.02 ("P.S.5141.02") violates Due Process, Ex Post Facto, and Double Jeopardy; (10) he should receive a two-point downward departure based on post-conviction educational and rehabilitative achievements; (11) the sentencing restriction that prohibits contact with his ex-common law wife and biological minor children is unconstitutional; and (12) that he is entitled to an evidentiary hearing to test the constitutionality of his conviction or confinement.

## II. DISCUSSION

### A. Jurisdiction

 A habeas petitioner who seeks to challenge the legality of his sentence must

file a habeas corpus petition under 28 U.S.C. § 2255 with the sentencing court, while a petitioner who challenges the execution or manner of his sentence, must file one under 28 U.S.C. § 2241 in the custodial court. *See Wright v. United States Board of Parole,* 557 F.2d 74, 77 (6th Cir.1977) (citations omitted)(holding that § 2255 claims concern the imposition of the sentence while § 2241 claims concern the execution of the sentence). Section 2255 claims concern a prisoner's trial and sentencing, including such claims as ineffective assistance of counsel, misapplication of the sentencing guidelines or the constitutionality of the trial. *See generally United States v. DeRewal,* 10 F.3d 100 (3d Cir.1993)(asserting ineffective assistance of counsel claim under § 2255); *Garcia v. United States,* 15 F.Supp.2d 367, 374 (S.D.N.Y.1998)(recognizing that relief under § 2255 is available for constitutional errors); *United States v. Marmolejos,* 140 F.3d 488 (3d Cir.1998)(attacking the misapplication of the sentencing guidelines under a § 2255 motion). Section 2241 claims concern a prisoner's incarceration after the fact of trial and sentencing, including continued incarceration after the scheduled release date, parole hearing issues, or misconduct within the prison system. *See* Liebman & Hertz, Federal Habeas Corpus Practice and Procedure (2d Ed.), vol. 2, pp. 1184–1190.

■ In this case, all but one of petitioner's claims, Ground Nine, attack the fairness and validity of his sentence and concern the imposition of his sentence. Ground Nine questions the constitutionality of applying the registration and notification provisions outlined in 18 U.S.C. § 4042 and P.S. 5141.72 to him retroactively and the application of federal law to his Virgin Islands sex offender conviction.

Because Ground Nine concerns petitioner's post-sentence status, the Court will address it in the present § 2241 motion. Petitioner's remaining eleven claims in this § 2241 petition are similar to the challenges to his sentence brought in his previous § 2255 application.

■ Section 2255 expressly provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate* or *ineffective* to test the legality of his detention.

28 U.S.C. § 2255 (emphasis added). In *In re Dorsainvil,* the Third Circuit interpreted this section of § 2255 and held that a petitioner may dispute the legality of his sentence pursuant to § 2241 rather than § 2255 only when he shows that the remedy provided by his § 2255 motion was "inadequate or ineffective." 119 F.3d 245 (3d Cir.1997). Petitioner has not attempted to satisfy this showing. An "inadequate or ineffective" remedy is not simply one with which a petitioner is unsatisfied. This Court has stated that, "[i]t does not permit a litigant unhappy with the result of his first § 2255 petition a second bite at the apple merely by placing a § 2241 caption on the pleading." *Smith v. United States,* No. 97–6057, 1998 WL 351785, *6 (D.N.J. May 12, 1998). Because petitioner's remaining eleven claims are not properly before this Court pursuant to § 2241, they must be dismissed for lack of jurisdiction.[1]

---

1. Ordinarily, a District Court receiving a § 2255 petition filed under § 2241 will transfer the petition to the original sentencing court for review. However, because the sentencing court has already ruled on petitioner's § 2255 claims, the Court holds that transferring his claims to the District Court of the United States Virgin Islands is unnecessary. *See Phillips v. Seiter,* 173 F.3d 609, 610–11 (7th Cir.1999). Furthermore, if petitioner wishes to pursue a successive § 2255 petition, he must first receive authorization from the Third Circuit. *See* 28 U.S.C. § 2244(b)(3).

## B. Registration and Notification Requirements

■ In Ground Nine of his petition, Diaz asks the Court to consider whether:

Megan's Law and any of its provisions found under the 18 U.S.C. § 4042(b) and (c) and BOP Program Statement 5141.02 can constitutionally be applied to a defendant who has committed one of the designated sex crimes, and who was prosecuted and convicted under Virgin Islands 'territorial' local laws prior to the enactment of the law in question and does the above explained course of action implicates or infringes on this petitioners constitutional due process rights and liberty interests under the ex post facto protections.

(Petitioner's habeas application at 7.) In his brief, petitioner argues that because he was sentenced before Megan's Law[2] (the Registration and Community Notification laws codified as N.J.S.A. 2C:7–1 to 7–11), 18 U.S.C. § 4042(b) and (c)[3] and P.S. 5141.02[4] were enacted, his Due Process right to be notified of his entire punishment at the time of sentencing was violated. (Petitioner's brief at 67–8.) He also claims that applying the provisions of Megan's Law, 18 U.S.C. § 4042, and P.S. 5141.02 to him unlawfully tampers with his original sentence as ordered by the sentencing court and violates the Double Jeopardy and Ex Post Facto Clauses of the United States Constitution. (*Id.*)[5]

18 U.S.C. § 4042(b) and (c) outline the registration and notification requirements for those federal prisoners classified as sex offenders. Pursuant to 18 U.S.C. § 4042(c)(4)(E), Congress directed the

---

2. Megan's Law is a ten-bill package of Registration and Community Notification Laws.
 The legislation require[s] registration by those who commit[ ] certain designated crimes involving sexual assault and provide[s] for the dissemination of information about those required to register. Other states [have] followed suit with their own versions of Megan's Law and Congress passed a statute requiring a state program of registration and notification as a condition of receiving certain federal funds.
 *E.B. v. Verniero*, 119 F.3d 1077, 1080 (3d Cir.1997).

3. 18 U.S.C. § 4042(b) provides that "[a]t least 5 days prior to the date on which a prisoner described in paragraph (3) is to be released on supervised release ... written notice ... shall be provided to the chief law enforcement officer of the State and of the local jurisdiction in which the prisoner will reside."
 18 U.S.C. § 4042(c) provides in part that "[i]n the case of a person described in paragraph (4) who is released from prison or sentenced to probation, notice shall be provided to (A) the chief law enforcement of the State and of the local jurisdiction in which the person will reside ... and (B)(3) ... that the person shall be subject to a registration requirement as a sex offender in any State in which the person resides, is employed, carries a vocation, or is a student. ..."

4. P.S. 5141.02 was designed to "implement new procedures required by the Department of Commerce, Justice, State Appropriations Act of 1998 codified at 18 U.S.C. § 4042(c)." (Program Statement at 1.)

5. In addition to the post-release effects of the challenged provisions, petitioner argues that applying these regulations to him also tampers with his sentence and is unconstitutional in that they "deprive this petitioner of his fair opportunity to be consider [sic] for camp placement or low facility security placements due to the Public Safety Factor variance (P.S.F.) that the B.O.P. has unlawfully placed on this petitioners [sic] institutional files ... Additionally, due to the above described unlawful B.O.P. practices the petitioner has also been denied access to any community confinement programs or halfway house placements." (Petitioner's brief at 72–3.) The Supreme Court held that an inmate has no liberty interest in a particular custody classification and that an inmate's due process rights are not automatically activated just because a state action carries adverse consequences. *Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). Furthermore, in *Asquith v. Department of Corrections*, the Third Circuit held that a prisoner has no protected liberty interest in remaining in a specific facility or program within the prison system. 186 F.3d 407, 411 (3d Cir.1999). Thus, the effects of applying the challenged regulations to petitioner's in-prison status are not unconstitutional.

B.O.P. to define additional sexual offenses for which pre-release notification would be necessary. The B.O.P. promulgated 28 C.F.R. § 571.72 in response. Section 571.72 provides in relevant part: "[t]he following offenses are designated as additional offenses for purposes of 18 U.S.C. § 4042(c): (a) Any offense under the law of any jurisdiction that involved: (1) Engaging in sexual contact with another person without obtaining permission to do so (forcible rape, sexual assault, or sexual battery)...." This definition is repeated in P.S. 5141.02, at ¶ 6a.(1). As petitioner is currently incarcerated for two counts of first degree rape, he clearly falls within the parameters of P.S. 5141.02.

■ Petitioner argues that the application of § 4042 and P.S. 5141.02 violates the Ex Post Facto, Double Jeopardy and Due Process Clauses. The Court finds petitioner's argument without merit. First, the B.O.P. has "full discretion" to determine a prisoner's classification, *Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), and the manner in which it will fulfill its duty under § 4042 is discretionary. *Caudle v. United States,* No. CIV. A. 95–1620, 1995 WL 730817, at *1 (7th Cir. Dec.8, 1995). Thus, the enactment of P.S. 5141.02 and 28 C.F.R. § 571.72 was well within the B.O.P.'s power, as is its enforcement of the regulations. *See also Ramey v. Hawk,* 730 F.Supp. 1366, 1372 (E.D.N.C.1989)("When a mode or method chosen by the B.O.P. to effectuate a policy is challenged, the court generally defers to the judgment of the B.O.P.") Second, neither the Ex Post Facto nor the Double Jeopardy Clause is implicated unless the provisions are intended as or inflict retroactive punishment. *E.B.*

*v. Verniero,* 119 F.3d 1077, 1092 (3d. Cir. 1997).

■ The Third Circuit has held that the registration and notification requirements of Megan's Law (which are comparable if not more severe than 18 U.S.C. § 4042 and P.S. 5141.02) are remedial not punitive and are constitutional. *See E.B. v. Verniero,* 119 F.3d 1077; *Artway v. Attorney General,* 81 F.3d 1235 (3d Cir. 1996). Because the provisions in question here are progeny of the Megan's Law legislation and place no more of an imposition on sex offenders than does Megan's Law, the Court finds that the Third Circuit's holdings in *Artway v. Attorney General,* 81 F.3d 1235 (3d Cir.1996) and *E.B. v. Verniero,* 119 F.3d 1077, can be extended to 18 U.S.C. § 4042 and P.S. 5141.02.

In *Artway,* the Circuit held that the required registration and Tier 1 notification of sex offenders under the provisions of Megan's Law do not constitute punishment and do not violate the Double Jeopardy or Ex Post Facto Clauses. 81 F.3d at 1242. In *Verniero,* the Court held that the Tier 2 and Tier 3 notification requirements of Megan's Law do not constitute punishment and do not violate the Double Jeopardy or Ex Post Facto Clauses. 119 F.3d at 1081.

■ Just as the petitioners in *Artway* and *Verniero,* Diaz is a sex offender convicted and sentenced before the enactment of Megan's Law and its progeny. Also, like them, Diaz challenges the retroactive application of sex offender registration and notification provisions under the Due Process [6], Double Jeopardy [7] and Ex Post Facto Clauses [8]. For a law to violate the provisions of these clauses, its retroactive application would need to result in

---

**6.** The Due Process Clause requires that statutes must give fair warning of prohibited conduct. U.S.C.A. Const.Amends. 5, 14.

**7.** The Double Jeopardy Clause prohibits "multiple punishments for the same offense." *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989).

**8.** The Ex Post Facto Clause prohibits retroactive application of a law that "inflicts a greater punishment, than the law annexed to the crime, when committed." *Calder v. Bull,* 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1798).

additional "punishment" on the criminal. *Artway*, 81 F.3d at 1253.

The Third Circuit has used a three-prong test to determine if sex offender registration or notification under Megan's Law constitutes punishment. *Artway*, 81 F.3d at 1263; *Verniero*, 119 F.3d at 1093. The Court considered the law's (1) actual purpose; (2) objective purpose; and (3) effect. *Verniero*, 119 F.3d at 1093. Prong one requires that the legislature not intend the statute as punishment. *Id.* at 1093. Prong two investigates whether "an objective observer in our society would perceive the measure as punitive." *Id.* Prong three considers whether, despite a lack of legislative intent, a regulation is, in fact, so harsh that it constitutes punishment. *Id.*

Under prong one, the Circuit found that the legislature did not intend for Megan's Law to be punitive. The Court stated that the "legislative purpose of Megan's Law was to identify potential recidivists and alert the public when necessary for the public safety, and to help prevent and promptly resolve incidents involving sexual abuse and missing persons." *Id.* at 1097. Additionally, the Court acknowledged its prior finding in *Artway*, that "protecting the public and preventing crimes are the types of purposes [the Supreme Court has] found 'regulatory' and not punitive." *Id.* at 1097 (quoting *Artway*, 81 F.3d at 1264).

Under prong two, the Circuit found that an objective observer would not perceive the measure as punitive. The Court set forth the appropriate standard to determine whether the legislative purpose, as discussed under prong one, is " 'reasonably related' to a legitimate goal" that is non-punitive. *Id.* at 1097. The Court held that sex offender registration is "reasonably related" to the legitimate goal: "allowing law enforcement to stay vigilant against possible re-abuse." *Artway*, 81 F.3d at 1265. Additionally, the Court found that notification is "reasonably relat-

ed" to legitimate, non-punitive goals, including: "identifying potential recidivists, notifying those who are likely to interact with such recidivists to the extent necessary to protect the public safety, and helping prevent future incidents of sexual abuse." *Verniero*, 119 F.3d at 1098.

Under prong three, in both *Artway* and *Verniero*, the Circuit determined that Megan's Law's provisions were not so harsh that they constitute punishment. To reach this decision, the Court weighed the burden of the law against the legitimate purpose it served. The Court considered in detail the direct and indirect effects[9] of the law on a convicted sex offender and his family. While the Court acknowledged negative indirect effects, it found:

> [t]he state's interest here would suffice to justify the deprivation even if a fundamental right of the registrant's were implicated. Given that something less than a fundamental interest is implicated, the impact of Megan's Law on the registrant's reputational interests is necessarily insufficient alone to constitute 'punishment.'

*Verniero*, 119 F.3d at 1104.

Based on the above, the Court holds that, in addition to Megan's Law provisions, the sex offender registration and notification provisions set forth in 18 U.S.C. § 4042(b) and (c) and B.O.P. Program Statement 5141.02 do not violate the Due Process, Double Jeopardy or Ex Post Facto Clauses of the United States Constitution.

■■■ Finally, Petitioner argues that the sex offender registration and notification requirements should not apply to him because he was convicted under the Virgin Islands' "local" laws, specifically, 14 V.I.C. § 1701(2)(3). However, as quoted above, 28 C.F.R. § 571.72 applies to all who commit the listed offenses "under the law of *any* jurisdiction." (Emphasis added.)

---

9. The court found indirect effects to include humiliation, isolation and other consequences of being labeled as a deviant and increased exposure to private violence. *Verniero*, 119 F.3d at 1102.

Hence, even though petitioner was convicted of rape in the Virgin Islands, he still carries the classification of sex offender under 28 C.F.R. § 571.72 and is subject to the provisions of 18 U.S.C. § 4042 and P.S. 5141.02.

## III. CONCLUSION

For the reasons set forth above, Grounds One through Eight and Ten through Twelve of Diaz's petition are dismissed for lack of jurisdiction. In addition, his claim in Ground Nine is denied on its merits. The Court will issue an appropriate order.