Revised May 14, 2001

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 00-10810

RICHARD PAUL HENRIKSON,

Plaintiff-Appellant,

versus

BOB GUZIK,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas

April 24, 2001

Before GARWOOD, PARKER, and DENNIS, Circuit Judges.

GARWOOD, Circuit Judge:

Petitioner-appellant Richard Paul Henrikson appeals the district court's upholding respondent-appellee Bureau of Prisons's interpretation of 18 U.S.C. § 4042(b), set forth in Program Statement 5110.12. We reverse.

**Facts and Proceedings Below**

On October 13, 1977, Henrikson was convicted in Michigan state court of arson. On October 13, 1995, Henrikson pleaded guilty to possession of unregistered firearms in violation of 26 U.S.C. § 5861(d).

On January 22, 1996, he was sentenced to seventy months in prison. Henrikson is currently serving this seventy month term and is eligible for release on May 8, 2001.

18 U.S.C. § 4042(b) provides that if the prisoner was convicted of a drug trafficking crime or crime of violence and is to be released on supervised release, the Bureau "shall" provide written notice of the release of the prisoner to the chief law enforcement officer of the jurisdiction in which the prisoner will reside.[1] The Bureau has

---

[1] 18 U.S.C. § 4042(b) provides, in its entirety:
"(b) Notice of release of prisoners.
(1) At least 5 days prior to the date on which a prisoner described in paragraph (3) is to be released on supervised release, or, in the case of a prisoner on supervised release, at least 5 days prior to the date on which the prisoner changes residence to a new jurisdiction, written notice of the release or change of residence shall be provided to the chief law enforcement officer of the State and of the local jurisdiction in which the prisoner will reside. Notice prior to release shall be provided by the Director of the Bureau of Prisons. Notice concerning a change of residence following release shall be provided by the probation officer responsible for the supervision of the released prisoner, or in a manner specified by the Director of the Administrative Office of the United States Courts. The notice requirements under this subsection do not apply in relation to a prisoner being protected under chapter 224.
(2) A notice under paragraph (1) shall disclose–
(A) the prisoner's name;
(B) the prisoner's criminal history, including a description of the offense of which the prisoner was convicted; and
(C) any restrictions on conduct or other conditions to the release of the prisoner that are imposed by law, the sentencing court, or the Bureau of Prisons or any other Federal agency.
(3) A prisoner is described in this paragraph if the prisoner was convicted of–
(A) a drug trafficking crime, as that term is defined in section 924(c)(2); or
(B) a crime of violence (as defined in section

2

notified Henrikson that it intends to provide notification of his release pursuant to section 4042(b). The Bureau does not contend that Henrikson's current conviction, for possessing unregistered firearms, requires release notification. In Program Statement 5110.12, the Bureau interprets section 4042(b) as requiring release notification if any crime in the prisoner's criminal history satisfies the criteria set forth in section 4042(b)(3).[2] The Bureau asserts, and Henrikson does not dispute, that his 1977 arson conviction constitutes a crime of violence. Henrikson contends that section 4042(b) only requires release notification if the offense for which the prisoner is currently incarcerated meets one of the section 4042(b)(3) criteria, and that, therefore, the Bureau's release notification policy as set forth in Program Statement 5110.12 exceeds the Bureau's statutory authority under

---

924(c)(3))."

[2]Program Statement 5110.12 provides, in relevant part: "7. APPLICABILITY. Notification pursuant to this Program Statement is required on any Federal prisoner committed to the custody of the Bureau who is:
     a. To be released to Supervised Release, probation, or parole on or after September 13, 1994; and
     b. (1) whose current offense of conviction is a 'drug trafficking crime' or a 'crime of violence' as defined in Sections 6.a. or 6.b., or
        (2) whose criminal history as determined by staff in the exercise of their professional judgment includes a conviction for 'drug trafficking' or a 'crime of violence' as defined in Sections 6.a. or 6.b. For prior 'drug trafficking crimes,' staff shall consider only Federal convictions as a basis for notification. For 'crimes of violence,' staff shall consider both State and Federal convictions as a basis for notification."
     Program Statement 5110.12 was superceded by Program Statement 5110.15 on August 30, 2000. None of the changes are relevant to Henrikson's appeal.

3

section 4042(b).[3]

On July 19, 1999, Henrikson filed a petition to test the legality of the Bureau's release notification policy.[4] On October 5, 1999, the Bureau filed a motion to dismiss the petition pursuant to FED. R. CIV. P. 12(b)(2), (5) and (6). On June 19, 2000, the magistrate judge issued his report, which found that under *Chevron U.S.A. Inc. v. Natural Resources Defense Counsel, Inc.*, 104 S.Ct. 2778 (1984), and *Stinson v. United States*, 113 S.Ct. 1913 (1993), Program Statement 5110.12 must be given "controlling weight" because it is a permissible construction of the statute and recommended that the motion to dismiss be granted. On June 28, 2000, Henrikson timely filed objections thereto. On July 12, 2000, the district court adopted the magistrate's report.

### Discussion

I. Deference to Program Statement 5110.12

*Chevron* requires that if a statute is silent or ambiguous as to the particular issue in question, federal courts must defer to an administrative agency's resolution of that question if such resolution

---

[3]Henrikson advances other reasons as to why notification should not be required in his case. Because these arguments are meritless, we do not address them.

[4]This petition purported to be pursuant to 28 U.S.C. § 2241(c)(3). However, because Henrikson is not challenging the fact or duration of his confinement, subject matter jurisdiction is not present under § 2241. The magistrate judge recognized that Henrikson had exhausted his administrative remedies and that where the exhaustion requirement is not implicated habeas petitions may be treated as requests for declaratory judgment pursuant to 28 U.S.C. §§ 1331 and 2201. *See Royce v. Hahn*, 151 F.3d 116, 118 (3rd Cir. 1998). The Bureau has not challenged this determination of the magistrate judge.

is predicated upon a permissible interpretation of the statute the agency is charged with administering. *Chevron*, 104 S.Ct. at 2781-82. As mentioned, the district court, in adopting the magistrate's report, found that Program Statement 5110.12 was entitled to *Chevron* deference and that the Program Statement's interpretation of section 4042(b) was permissible and, therefore, controlling.

In affording *Chevron* deference to Program Statement 5110.12, the district court erred. The Supreme Court and this Court have made clear that interpretations of statutes not arrived at by "formal adjudication or notice-and-comment rulemaking", e.g. opinion letters, "policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law–do not warrant *Chevron*-style deference." *Christensen v. Harris County*, 120 S.Ct. 1655, 1662 (2000). These interpretations are entitled to respect, but only to the extent that they have the "power to persuade". *Id.* (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)). *See also Reno v. Koray*, 115 S.Ct. 2021, 2027 (1995) (observing that a Bureau of Prisons Program Statement is entitled to "some deference" if it represents a permissible construction of the statute); *Bussian v. RJR Nabisco, Inc.*, 223 F.3d 286, 296 (5th Cir. 2000) (quoting *Christensen* for the proposition that interpretations that lack the force of law are only entitled to respect according to their "power to persuade").[5]

---

[5]We are aware that in *Royal v. Tombone*, 141 F.3d 596, 600 (5th Cir. 1998), a panel of this Court, citing *Koray*, stated that Program

II.  Interpretation of 18 U.S.C. § 4042(b)

When interpreting a statute, the starting point is the statute's text.  *Reich v. Arcadian Corp.*, 110 F.3d 1192, 1195 (5th Cir. 1997) (quoting *Estate of Cowart v. Nicklos Drilling Co.*, 112 S.Ct. 2589, 2594 (1992)).  The meaning of a particular word or phrase "cannot be determined in isolation, but must be drawn from the context in which it is used." *Arcadian*, 110 F.3d at 1195-96 (quoting *Deal v. United States*, 113 S.Ct. 1993, 1996 (1993).  Therefore, a term is not ambiguous if, although subject to different interpretations in isolation, "all but one of the meanings is ordinarily eliminated by context." *Id*.  If possible, the statute should be construed such that "every word has some operative effect." *Arcadian*, 110 F.3d at 1196 (quoting *United States v. Nordic Village, Inc.*, 112 S.Ct. 1011, 1015 (1992)).  It is important to "look to the structure and language of the statute as a whole." *Arcadian*, 110 F.3d at 1196 (quoting *National R.R. Passenger Corp. v. Boston and Maine Corp.*, 112 S.Ct. 1394, 1401 (1992).  With these principles in mind, we turn to the interpretation of section 4042(b).

First, section 4042(b)(1) explains the release notification scheme. Initial notification is only required if a person described in section

---

Statements will be upheld if they represent a permissible construction of the statute.  We would likely be bound by this aspect of *Royal* were it not for the intervening decision of the Supreme Court in *Christensen*, which made clear that interpretations like Program Statements, even if abstractly permissible, are not controlling and therefore do not bind this Court as a permissible interpretation entitled to *Chevron* deference would.  We also note this Court's application of *Christensen* in *Bussian*.

6

4042(b)(3) is to be released on supervised release. Notification of a subsequent change of residence is only required while the prisoner remains on supervised release. The notification requirement ends when the prisoner's entire sentence for the current conviction, including the term of supervision, is served. The notification requirement, running as it does with the supervised release portion of the sentence for the current conviction, seems virtually part of that sentence. It seems illogical to impose the notification requirement to run with the sentence for a crime that does not itself trigger notification.

Second, and more significantly, Henrikson correctly observes that language in section 4042(b)(2), which describes the information the notification must contain, supports his interpretation of section 4042(b)(3). Section 4042(b)(2)(B) requires disclosure of "the prisoner's criminal history, including a description of the offense of which the prisoner was convicted." Clearly, Congress intended "offense of which the prisoner was convicted" to refer to the current conviction, as it was obviously clarifying that it intended "criminal history" to include the current conviction. No other reading of section 4042(b)(2)(B) is reasonable. We agree with Henrikson that the similar language in the next paragraph, section 4042(b)(3), "if the prisoner was convicted of", also refers only to the current conviction.

Finally, the language "was convicted of" in section 4042(b)(3) seems implicitly to refer to a single event-the current conviction. If Congress intended for more than the current conviction to be

7

scrutinized, words such as "if the prisoner *has been* convicted of", liekly would have been employed.

We do not believe that section 4042(b)(3) is ambiguous or that in this section Congress has explicitly or implicitly left a gap in which the Bureau is free to regulate. Even applying the "some deference" standard, we do not find the Bureau's construction of section 4042(b) in this respect as set forth in Program Statement 5110.12 to be a permissible, much less a persuasive, one. An examination of the statute's text and overall scheme manifest that Congress was only requiring the Bureau to notify if the prisoner's current conviction was for a crime of violence or a drug trafficking crime. We hold that, because the Bureau does not contend that Henrikson's current conviction is for a crime of violence or a drug trafficking crime, section 4042(b) does not *require* the Bureau to notify state and local law enforcement of Henrikson's release.[6]

---

[6]The Bureau's consistent position, from its first informing Henrikson of its intention to give the § 4042(b) notification, through the administrative proceedings consequent on Henrikson's objection thereto, and in all proceedings in the district court and in this Court, has been that it intends to give the notification because it is required to do so by § 4042(b),which is concedely mandatory, and the Bureau has never suggested that it intends to, or has determined to, give notification to state and/or local law enforcement respecting Henrikson on any other basis or for any other reason, or that it would give such notification if not required to do so by § 4042(b). And, the Bureau's only position in this court has been that Henrikson is not entitled to relief *because* § 4042(b) *required* it to give the notification. The plain inference from all this is that the Bureau does *not* intend to give the notice *if* we hold it is not within § 4042(b). We hold it is not within § 4042(b). Consequently no question has been presented, and we do not address, whether Henrikson would have any general constitutional or statutory right to prevent the Bureau from notifying state and/or

8

## Conclusion

For the reasons stated, we hold that the Bureau's construction of section 4042(b) is incorrect in the respect noted and the district court's judgment upholding the Bureau's interpretation of section 4042(b) in this regard is accordingly REVERSED.

REVERSED

---

local law enforcement.