Antonio MONTALVO, Plaintiff,

v.

George E. SNYDER, Defendant.

No. CIV.A. 01–CV–420–KKC.

United States District Court,
E.D. Kentucky,
London.

May 28, 2002.

Antonio Montalvo, Manchester, KY, pro se.

Marianna Clay, U.S. Attorney's Office, Lexington, KY, for defendant.

## MEMORANDUM OPINION AND ORDER

CALDWELL, District Judge.

This matter is before the Court upon the defendant's motion, by counsel, to dismiss or for summary judgment [Record No. 17]; the plaintiff has filed several responses [Record Nos. 19, 20, 22]; and the defendant has submitted a reply [Record No. 21].

### BACKGROUND

On October 16, 2001 Antonio Montalvo, incarcerated in the Federal Correction Institution in Manchester, Kentucky, filed the instant action *pro se;* he was later granted permission to proceed *in forma pauperis* and has been making periodic payments toward the district court filing fee. The plaintiff has claimed that the Bureau of Prisons ("BOP") has wrongly applied a sexual offender classification to him and thus subjected him to the requirement that authorities be notified prior to his release. This sex offender designation also violates his rights under the United States Constitution, including (1) due process guarantees; (2) the prohibition against double jeopardy; and (3) the Ex Post Facto Clause.

As to his pertinent background, the plaintiff explains that he is in federal custody after pleading guilty to being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1), in the United States District Court for the Northern District of Illinois, and was sentenced to 87 months' imprisonment on April 13, 2000. Once in custody for service of the sentence, Montalvo was classified as a sex offender based upon a prior Illinois conviction, not his current offense, an application which he challenges herein. Attachments reveal that the sexual offense of which he was convicted was Criminal Sexual Abuse; he pled guilty to the charge in Cook County Circuit Court, Case No. 90–310515, in 1990, when he was 18 years of age; and he was sentenced to one year of supervision.

As to his legal claims, prior to bringing the instant lawsuit, the plaintiff pursued the BOP's administrative process to exhaustion. The BOP's position was that (1) the application of a Sex Offender Public Safety Factor to him is required under BOP Program Statement ("P.S.") 5100.07, *Security Designation and Custody Classification Manual,* regardless of whether the sexual conduct was related to his instant or a prior offense, if the behavior was aggressive or abusive in nature; and his conviction for criminal sexual abuse in 1990 calls for the application. Also, (2) as to the notification of authorities prior to his release, the BOP's position was that P.S. 5141.02, *Sex Offender Notification and Registration,* was issued to comply with a 1996 federal law, 18 U.S.C. § 4042(c), requiring the notification of authorities prior to the release of those who have been convicted of certain sexual offenses; and its application to him is also required because the criminal sexual abuse conviction is an offense which falls under the statute. The response at the final level of appeal concludes that the BOP's classification decision is appropriate, notification of release is required under the federal statute, and there is no violation of the Ex Post Facto Clause.

The plaintiff's attachments included copies of two articles discussing cases in support of his Ex Post Facto claim, *Henrikson v. Guzik,* 249 F.3d 395 (5th Cir.2001) and *Doe v. Otte,* 259 F.3d 979 (9th Cir. 2001), the courts therein granting prisoners relief from the notice requirements imposed by the recent law on Ex Post Facto grounds, because their qualifying offenses were committed prior to the effective date of the law. Additionally, the plaintiff later submitted a copy of *United States v. Schulte,* 264 F.3d 656 (6th Cir.

2001) (application of Mandatory Victims Restitution Act of 1996 to defendant, whose charged acts occurred prior to its effective date, violates Ex Post Facto Clause). Record No. 4..

By order of January 7, 2002, this Court directed that summons issue on the plaintiff's construed complaint, as amended [Record Nos. 1, 4]. On March 26, 2002, after being granted an extension of time, the defendant responded with the instant motion.

### DEFENDANT'S MOTION

The defendant has submitted a memorandum attached to the instant motion [Record No. 17] to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Rule 56(b) and (c). He begins therein with a recitation of the facts, with a supporting affidavit of a senior attorney with the government, Kevin J. Walasinski, who also swears to the authenticity of the exhibits attached to his declaration. These documents include a summary of the plaintiff's criminal history and current status with a release date of April 11, 2005 (Exhibits A–B); copies of the relevant Program Statements, 5100.07 and 5141.02 (Exhibits C–D); and the documents exchanged as the plaintiff exhausted the BOP administrative process (Exhibits G–I).

The defendant then sets forth the provisions of 18 U.S.C. § 4042 and its direction to the BOP to apply the sex offender notification-prior-to-release requirement to any inmate convicted of any of the specifically enumerated offenses or "any other offense designated by the Attorney General as a sexual offense for purposes of this subsection." 18 U.S.C. § 4042(c)(4). The BOP formally promulgated 28 C.F.R.

§ 571.72 to define the other offenses, one of which is an offense in any jurisdiction that involved "sexual contact with another person without obtaining permission to do so (forcible rape, sexual assault, or sexual battery)...." 28 C.F.R § 571.72(a)(1). Since Montalvo's conviction was for criminal sexual abuse, a sexual offense under 28 C.F.R §. 571.72(a)(1), his classification under P.S. 5100.07 and the application of the notification provisions of P.S. 5141.02 are appropriate.[1]

As to the constitutional claims asserted by the plaintiff, the defendant argues that there is no violation of the Double Jeopardy Clause, pointing to the United States Supreme Court's two-step analysis of such claims in *Hudson v. United States,* 522 U.S. 93, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997) and its scrutiny therein of the relevant factors in an earlier decision, *Kennedy v. Mendoza–Martinez,* 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963). Applying these cases to the instant facts, the defendant contends that this Court should conclude that there is no double jeopardy violation. Additionally, this Court's conclusion about the constitutionality of the statute and its application would be consistent with the holding of the United States Court of Appeals for the Sixth Circuit in upholding the similar Tennessee Sex Offender Registration and Monitoring Act to a double jeopardy attack, in *Cutshall v. Sundquist,* 193 F.3d 466 (6th cir.1999), *cert. denied,* 529 U.S. 1053, 120 S.Ct. 1554, 146 L.Ed.2d 460 (2000).

With regard to the alleged violation of the prohibition against Ex Post Facto laws, the defendant notes that even though the federal statute herein does not require registration (only notification of an inmate's release to state authorities), still

---

1. Additionally, the defendant distinguishes the plaintiff's *Henrikson* decision as not being on point, the statute being a different one and the BOP not having formally promulgated its policy.

the majority of cases addressing the registration laws have been upheld. He again cites to *Cutshall* on this issue and distinguishes the plaintiff's *Otte* case factually. The defendant points out that the same federal statute and policy statement challenged herein were upheld by another judge in this Court in an unpublished April 18, 2001 decision in *Napoleon Crawford v. Edward Peres,* Ashland Civil Action No. 01–16, the Honorable Henry R. Wilhoit, Jr., presiding. As therein, the defendant urges this Court to find that the statute is not punitive; nor does it change the definition of criminal conduct. Therefore, there is no Ex Post Facto violation.

Finally, the defendant contends that there is also no due process violation because no liberty interest is implicated. He urges the Court to reject this due process challenge also, again relying upon *Cutshall* and another case he had mentioned earlier, *Diaz v. Olsen,* 110 F.Supp 2d 295, 302 (D.N.J.2000).

## PLAINTIFF'S RESPONSES

For some reason not clear on the face of the pleadings, the plaintiff originally filed two responses [Record Nos. 19–20] to the defendant's motion. They appear to be identical.

The plaintiff urges the Court to deny the plaintiff's motion on the ground that the Court is required to view the evidence in the light most favorable to him, the non-moving party, and he presents the following factual issue in his favor: He had the purported victim's permission to have sex with her, and the defendant knew that he had her permission when he classified the plaintiff as a sex offender.

The plaintiff points to the federal court's Presentence Investigation Report, which he attached to his complaint and which contains his admission upon being processed with four other accused offenders, "We were all fucked up and this broad

came up to me naked and said 'I want to fuck you,' so I took her in a room and fucked her." Record No. 1, Attachment at page 5, line 127–28. The defendant not only claims that he had sex with her by request, he contends that he had permission "to even treat her unfairly or harshly." Additionally, he claims that he entered a *nolo contendere* type plea; and he agreed to the plea only because the victim's age was "under that of legal consent," and the victim's mother brought the charges because she was angry that her daughter had become intoxicated on alcohol and drugs and then had sex with multiple males.

The plaintiff asks that the Court deny the defendant's motion or grant him an extension of 30 days in which to obtain exculpatory evidence from the Illinois court to put into the instant record about the consensual nature of his sex with the victim in 1990.

## FINAL PLEADINGS

The defendant has filed a reply [Record No. 21] in which he characterizes the plaintiff as attempting to relitigate his criminal conviction for criminal sexual abuse. He notes that in his response, the plaintiff has admitted to having sex with a minor, an offense which would call for the same sex offender treatment which he challenges herein. Another conviction qualifying a BOP prisoner for the sex offender notification requirements is an offense involving "[a]ny sexual contact with a minor or other person physically or mentally incapable of granting consent ...." 28 C.F.R. 571.72(a)(3). Therefore, the BOP's motion to dismiss the case or enter judgment in its favor should be granted even under the plaintiff's allegations.

On May 9, 2002, the plaintiff responded with another pleading [Record No. 22] in opposition to the defendant's motion. He

objects to what he calls the government's "new argument" at this late date; repeats the above-quoted language of the regulation about sexual contact with a minor; and argues that whether the person was "physically or mentally incapable of granting consent" is an element of the offense and an issue of fact precluding summary judgment. The plaintiff also points out that Rule 56(f) provides for a court to refuse an application for judgment or to order a continuance to permit affidavits to be obtained or discovery conducted. For all of these reasons, and because he has recently been placed in administrative detention where he does not have the assistance of any jailhouse lawyer, he asks for another 30 days in which to respond further.

## DISCUSSION

The Court will not grant the plaintiff permission to file a fourth response at a later date. Such is not permitted under the Federal Rules, and the plaintiff presents no compelling reason therefor. He has been able to respond to the defendant's motion and has done so three times over a period of two months. For the reasons stated below, additional time and additional pleadings about the actual events of the 1990 conviction for criminal sexual abuse would not help his cause.

### Sex Offender Classification

As to the classification issue herein, a reading of P.S. 5100.07 at page 2 (Exhibit C) and of well known case law support the action of the BOP insofar as the classification of the instant plaintiff as a sex offender. Under this program statement, the sex offender classification is applied to an inmate based on his "behavior in the current term or prior history," which may or may not have resulted in a conviction. All that is required is the inmate's sexual behavior be one of the listed offenses, including "[e]ngaging in sexual contact with

another person without obtaining permission to do so (forcible rape, sexual assault or sexual battery)," the very language of the formally promulgated regulation. Therefore, its application to him is accurate.

Nor is there a constitutional problem with this classification. The BOP classification procedure is within the discretion of the Attorney General as delegated to the Director of the BOP. 18 U.S.C. § 4081; 28 C.F.R. § 0.96. *See e.g., Peck v. Hoff,* 660 F.2d 371 (8th Cir.1981). Claims based on classification procedures do not state constitutional claims. *See Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). Congress has given federal prison officials "full discretion" to control the conditions of confinement, and prisoners have no legitimate constitutional entitlement to invoke due process claims. *Id.* at 88, n. 9, 97 S.Ct. 274. The manner in which the BOP will fulfill its duty under § 4042 is discretionary. *Diaz v. Olsen,* 110 F.Supp.2d 295, 301 (D.N.J.2000).

### Sex Offender Notification

In 1994, in response to the abduction, rape, and murder of seven-year-old Megan Kanka by a convicted sex offender who had been living across the street from the Kanka family, in a community where no one was aware of his criminal history, Congress enacted the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act, which conditioned the availability of federal crime prevention funds upon the state's creation of a sex offender registration and community notification program. On May 17, 1996, President William Jefferson Clinton signed the federal version of Megan's Law, which added a mandatory notification provision to the existing registration requirements, 42 U.S.C. § 14071(d).

The federal notification provisions are codified at 18 U.S.C. § 4042, Duties of Bureau of Prisons. Subsection (c)(1) of the statute provides that "[i]n the case of a person described in paragraph (4), who is released from prison or sentenced to probation, notice shall be provided to" certain state and local officials listed therein. Paragraph (c)(4) provides, "A person is described in this paragraph if the person was convicted of any of the following offenses . . . ," a list which includes offenses under federal statutes and, additionally, "[a]ny other offense designated by the Attorney General as a sexual offense for purposes of this subsection." 18 U.S.C. § 4042(c)(4)(E).

As the defendant has explained, in response to this statute the Attorney General's designate, the Director of the BOP, called for regulations and one was promulgated at 28 C.F.R. § 571.72, Subpart H—Designation of Offenses for Purposes of 18 U.S.C. 4042(c). It begins as follows:

§ 571.72 Additional designated offenses.

The following offenses are designated as additional sexual offenses for purposes of 18 U.S.C. 4042(c):

(a) Any offense under the law of any jurisdiction that involved:

(1) Engaging in sexual contact with another person without obtaining permission to do so (forcible rape, sexual assault, or sexual battery);

. . .

28 C.F.R. § 571.71(a)(1). In turn, P.S. 5141.02 was written to implement procedures for registration and notification of these offenders upon their release from the BOP. It specifically adopts the language of 28 C.F.R. § 571.72, including the above-quoted passage. See Defendant's Exhibit D at page 4. This program statement, like the statute and the regulation, requires a conviction before the notification provisions are triggered.

The Court agrees with the defendant herein that the application of the notification requirements to the instant plaintiff are called for under the statute, regulation, and program statement because he was convicted of a listed sexual offense. The Court now turns to the questions of whether the application violates any of the plaintiff's rights under the U.S. Constitution.

### Double Jeopardy Challenge

■ The Double Jeopardy Clause of the Fifth Amendment provides in relevant part, "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. In the *Hudson* case cited by the defendant, the Supreme Court explained:

[T]he Double Jeopardy Clause does not prohibit the imposition of any additional sanction that could in common parlance, be described as punishment. The Clause protects only against the imposition of multiple criminal punishments for the same offense, . . . and then only when such occurs in successive proceedings.

*Hudson*, 522 U.S. at 99, 118 S.Ct. 488 (citations omitted). As to whether a statutory scheme imposes punishment for purposes of the Double Jeopardy Clause, the Court set forth a two-part inquiry: (1) whether the legislature intended the law to be punitive; and (2) if not or if no intent can be discerned, whether the effect of the law is to twice punish the offender for the same offense. In evaluating the second part of the analysis, the Court found that the 7 relevant factors articulated in its earlier decision of *Kennedy v. Mendoza–Martinez*, 372 U.S. 144, 168–69, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963) "provide useful guideposts." *Hudson*, 522 U.S. at 99, 118 S.Ct. 488.

Applying these standards to the federal notification provisions to which the instant

plaintiff objects, as the *Cutshall* court applied to the Tennessee statutory scheme, this Court similarly finds no double jeopardy violation. There is no evidence of punitive intent in the statute or regulation's history or on its face. The effect, although already dreaded by the plaintiff, is not punishment in the traditional or excessive sense. On balance of the *Kennedy* factors, this Court finds that the federal requirement that the BOP provide mere notification of release to local authorities does not impose an affirmative disability or restraint on the plaintiff, as measured in *Hudson;* applies to behavior which is already a crime; is remedial in purpose, *i.e.,* to serve law enforcement and protect the public; and is not excessive. *See Cutshall,* 193 F.3d at 475–76. As the Sixth Circuit stated about the Tennessee legislation,

> We are also mindful of the burdens the Act imposes on convicted sex offenders. However, many of these alleged burdens stem not from the Act itself, but from the potential abuse of registry information by the public. Given the gravity of the state's interest in protecting the public from recidivist sex offenders, and the small burden imposed on the registrants, we cannot say that the requirements of the Act exceed its remedial purpose.

*Id.* at 476.

### Ex Post Facto Claim

Clearly, the sex offender notification statute, subsequent promulgation of 28 C.F.R. § 571.72, and later implementation of P.S. 5141.02, were effected after the instant plaintiff committed his sexual offense; and these provisions are being applied to inmates, including the plaintiff, who were convicted of sex offenses prior to the enactment of Megan's Laws and policies flowing therefrom.

The Ex Post Facto Clause of the federal Constitution provides: "No state shall ... pass any ... ex post facto Law." U.S.

Const. art. I, § 10, cl. 1. "To fall within the ex post facto prohibition, a law must be retrospective—that is, it must apply to events occurring before its enactment—and it must disadvantage the offender affected by it by altering the definition of criminal conduct or increasing the punishment for the crime." *Lynce v. Mathis,* 519 U.S. 433, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997) (internal quotation marks and citation omitted). Therefore, the Ex Post Facto issue before this Court is whether the plaintiff is now impermissibly disadvantaged—by having an alteration in the definition of criminal conduct or suffering an increase in the onerousness of the punishment for a crime committed before its enactment.

Several pieces of Supreme Court jurisprudence, read together, work to demonstrate the components of a proper analysis when a statute or action is challenged under the Ex Post Facto Clause. Again, the most helpful are *Kennedy v. Mendoza–Martinez,* 372 U.S. at 168–69, 83 S.Ct. 554 and *Hudson v. United States,* 522 U.S. at 99, 118 S.Ct. 488 (1997); and, additionally, *Kansas v. Hendricks,* 521 U.S. 346, 360–69, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997) (challenge to Kansas's Sexually Violent Predator Act), all of which were examined by the Sixth Circuit in *Cutshall.* The Sixth Circuit concluded as follows with regard to Tennessee's Sex Offender Registration and Monitoring Act:

> In light of the analysis in *Hendricks,* we are persuaded that the intent-effects analysis we have discussed in the double jeopardy context applies as well for determining whether the Ex Post Facto Clause is implicated by the Act. Using this approach, we conclude, once again, that the Act was not intended to punish, and its requirements do not transform the law into punishment. Because the

Act imposes no punishment, the Ex Post Facto Clause is not implicated.

*Cutshall,* 193 F.3d at 477.

This Court finds that, with regard to the Ex Post Facto Clause, the *Cutshall* case's analysis again governs this Court's analysis of 18 U.S.C. § 4042(c) and P.S. 5142.02, as applied to the instant plaintiff. This Court concludes that the federal statute, regulation, and BOP Program Statement applied to and challenged by the plaintiff herein, cannot be said to impose a punishment and, therefore, they do not violate the Ex Post Facto Clause of the United States Constitution.

### Due Process Claim

 Finally, as have other plaintiffs since the passage of various Megan's laws, the instant plaintiff claims a violation of this due process rights. As to any procedural due process claim, he states no claim because he has failed to show that the BOP has deprived him of a protected liberty or property interest. U.S. Const. Amend. V. *See Cutshall,* 193 F.3d at 478–79. Additionally, any injury is speculative. As another district court found with regard to the BOP's enforcement of another federal statute, this Court finds "that any detrimental effects that may flow from the Act would flow most directly from the plaintiff's own misconduct and private citizen's reaction thereto, and only tangentially from [government] action." *Stafford v. Pratt,* 2001 WL 548898 (N.D.Tex.2001). Same is true herein. Nor can the BOP's actions herein be said to "shock the conscience of the court," so as to violate the plaintiff's substantive due process rights. The plaintiff simply has no due process claim.

### CONCLUSION

This Court's conclusion herein is also consistent with the analysis and conclusion of other district courts facing the same issues. In addition to *Cutshall* (Tennes-

see Act), see *Martinez Diaz v. Olsen,* 110 F.Supp.2d at 295 (same challenges to 18 U.S.C. § 4042(b) and (c) and P.S. 5141.02). *See also Lanni v. Engler,* 994 F.Supp. 849, 854–55 (E.D.Mich.1998) (same challenges to Michigan's Sex Offender Registration Act); *Akella v. Michigan Dept. of State Police,* 67 F.Supp.2d 716, 733 (E.D.Mich.1999) (same); *King v. Voinovich,* 229 F.3d 1152, 2000 WL 1140759 (6th Cir.2000) (Table, unpublished) (Ohio's Act). The plaintiff's *Henrikson* and *Otte* cases are distinguishable and *Schulte* is totally inapplicable.

Despite the plaintiff's contention that there is an issue of fact as to what happened between him and his victim in 1990, there is no issue as to the relevant fact: he pled guilty to criminal sexual abuse at that time. Such a conviction triggers the application of the statute, regulation and program statements at issue herein. Therefore, there is no genuine issue of *material* fact and the defendant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c) (emphasis added).

Accordingly, the Court being advised, IT IS ORDERED as follows:

(1) The plaintiff's motions for extensions of time [Record Nos. 19–20, 22] are DENIED.

(2) The defendant's motion for summary judgment [Record No. 17] is GRANTED;

(3) This action is DISMISSED, and Judgment shall be entered contemporaneously with this Memorandum Opinion in favor of the defendant.