UNITED STATES of America,

v.

Manuel GARCIA, Defendant.

Criminal No. 93–536–03(JBS).

United States District Court,
D. New Jersey.

May 23, 2002.

---

Christopher J. Christie, United States Attorney by Michael A. Guadagno, Assistant U.S. Attorney, Newark, NJ, for the United States.

Manuel Garcia, Terre Haute, IN, Defendant pro se.

## OPINION

SIMANDLE, District Judge.

This matter comes before the Court upon motion by defendant Manuel Garcia for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Defendant is currently incarcerated in the federal penitentiary in Terre Haute, Indiana. Defendant seeks to reduce his sentence of life imprisonment

imposed by this Court on September 24, 1994, for his conviction after trial for murder for hire, in violation of 18 U.S.C. § 1958. Defendant contends that Amendment 591, an amendment to, *inter alia,* Sections 1B1.1 and 1B1.2 of the United States Sentencing Guidelines ("U.S.S.G."), mandates a recalculation of his guidelines and a resentencing. For the reasons discussed below, defendant's motion for reduction of sentence will be denied.

## BACKGROUND

On November 9, 1993, a grand jury sitting in Newark, New Jersey, returned a four-count indictment against defendant Manuel Garcia, and co-defendants Richard Balter, Kenneth Cutler, and Chris Oscar DeJesus for the murder of Robert Cohen. (Indictment, 11/9/93.) Count One of the indictment charged Balter, Cutler, Garcia, and DeJesus with the commission of murder for hire, in violation of 18 U.S.C. § 1958 and 2, and Count Two charged Balter and Cutler with mail fraud, in violation of 18 U.S.C. § 1341. (*Id.*) On January 25, 1994, a federal grand jury sitting in Newark, New Jersey, returned a superseding indictment, expanding the time frame for the murder for hire charge and supplementing the mail fraud charges against Balter and Cutler. (Superseding Indictment, 1/25/94.) On September 29, 1994, Garcia was convicted after a jury trial and was sentenced to life imprisonment. (Judgment, 10/4/94.) Judgment was entered on October 4, 1994. (*Id.*)

Defendant filed a direct appeal of his conviction, alleging that the district court erred by (1) impermissibly admitting evidence showing criminal propensity that had a cumulatively prejudicial effect; and (2) denying defendant's motion for severance. (*Id.*) On July 29, 1996, the United States Court of Appeals for the Third Circuit affirmed this Court's judgment. (*United States v. Garcia,* 92 F.3d 1173 (3d Cir.1996) (unpublished)). The convictions

of the co-defendants were also affirmed in *United States v. Balter,* 91 F.3d 427 (3d Cir.1996).

Mr. Garcia filed a petition in this Court for habeas corpus relief under 28 U.S.C. § 2255 on June 2, 1997. (Docket, *Garcia v. United States,* No. 97–2861.) On July 29, 1998, this Court denied Mr. Garcia's habeas petition. (*Id.*) On August 7, 1998, defendant filed an appeal with the Third Circuit. (*Id.*) On September 15, 1998, this Court denied Mr. Garcia a certificate of appealability. (*Id.*) On June 4, 1999, the Third Circuit subsequently denied Mr. Garcia's application for a certificate of appealability on grounds that he was procedurally barred from presenting his claims. (*Id.*)

On August 13, 2001, defendant filed the instant motion for reduction of sentence.

## DISCUSSION

### I. *Motion for Reduction of Sentence*

Defendant moves for reduction of sentence, claiming that Amendment 591, effective November 1, 2000, requires that he be sentenced to 121–151 months imprisonment under a base offense level of 32 as provided by U.S.S.G. § 2E1.4, rather than life imprisonment. The United States argues that Garcia's application is procedurally barred because it should be construed as a successive motion to correct or vacate a sentence under 28 U.S.C. § 2255; that Amendment 591 is not retroactive and is therefore inapplicable to modify defendant's sentence; and that even if the current amended guidelines were applied, their application would not change Mr. Garcia's sentence.

### A. *Jurisdiction*

■ This Court's jurisdiction arises under 18 U.S.C. § 3582(c), rather than 28 U.S.C. § 2255, for the reasons now explained. The United States argues that

Mr. Garcia's application should be construed as a motion to correct or vacate a sentence under 28 U.S.C. § 2255, rather than a motion for modification under 18 U.S.C. § 3582(c), because the substance of his argument, that the sentencing court applied the wrong base offense level, is cognizable pursuant only to § 2255. The government argues that defendant's motion is therefore procedurally barred as a successive § 2255 motion and should be dismissed outright as jurisdictionally defective.

A motion seeking to vacate, correct or set aside a sentence is brought under 28 U.S.C. § 2255.[1] 28 U.S.C. § 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Section 2255 claims concern a prisoner's trial and sentencing, including claims such as ineffective assistance of counsel, misapplication of the sentencing guidelines, or the constitutionality of trial. *See Martinez Diaz v. Olsen,* 110 F.Supp.2d 295, 299 (D.N.J.2000) (citing *United States v. DeRewal,* 10 F.3d 100 (3d

Cir.1993) (asserting ineffective assistance of counsel claim under § 2255), *cert. denied,* 511 U.S. 1033, 114 S.Ct. 1544, 128 L.Ed.2d 196 (1994); *United States v. Marmolejos,* 140 F.3d 488 (3d Cir.1998) (attacking the misapplication of the sentencing guidelines under § 2255)).

Defendant moved for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), seeking relief based upon Amendment 591. Although courts generally may not modify a sentence imposing imprisonment, Section 3582 makes a specific exception to this general rule and allows for modification of a sentence based on a sentencing range that has subsequently been reduced by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2). Section 3582 provides that

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). A reduction is consistent with the policy statements of the Sentencing Commission if the Amendment that created the reduction is included in

---

1. Congress amended 28 U.S.C. § 2255 as part of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 ("AEDPA"). As of its effective date of April 24, 1996, AEDPA requires that a motion to vacate, correct or set aside a sentence under § 2255 must be filed in the sentencing court within one year of the latest of: (1) the date on which the judgment of conviction became final; (2) the date of the removal

of any impediment to making such a motion was created by unlawful government action; (3) the date on which a right asserted by the movant was first recognized by the Supreme Court and made retroactive to cases pending on collateral review; or (4) the date on which the movant could have discovered the facts supporting the claim(s) presented through the exercise of due diligence. 28 U.S.C. § 2255 ¶ 6.

the list of amendments to be applied retroactively, enumerated in the Commission's policy statement of U.S.S.G. § 1B1.10, which provides:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3592(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

U.S.S.G. § 1B1.10(a). Subsection (c) of § 1B1.10 explicitly includes Amendment 591, *see id.* at (c), which changed U.S.S.G. §§ 1B1.1 and 1B.2, the Application Note to § 1B1.2, and the Introduction to the Statutory Index (Appendix A). *See United States v. Diaz,* 245 F.3d 294, 302 (3d Cir. 2001).

As a preliminary matter, because defendant contends that Amendment 591 requires modification of his sentence, this Court finds that defendant's application is a motion pursuant to 18 U.S.C. § 3582(c), not 28 U.S.C. § 2255.

### B. *Applicability of Amendment 591*

■ Defendant argues that Amendment 591, which became effective on November 1, 2000, *see* U.S.S.G.App. C., Amend. 591 (Supp.2001), is inapplicable to reduce Mr. Garcia's sentence issued on September 29, 1994, because the amendment is not retroactive. Generally, a defendant should be sentenced under the guideline in effect at the time of sentencing. *See Diaz,* 245 F.3d at 300–01 (citing *United States v. Menon,* 24 F.3d 550, 566 (3d Cir.1994)). A post-sentencing amendment to a guideline, or to its comments, should be given retroactive effect only if the amendment "clarifies" the guideline or comment in place at the time of sentencing; the amendment may not be given retroactive effect if it effects a substantive change in the law. *See Diaz,* 245 F.3d at 303 (citing *Marmolejos,* 140 F.3d at 490).

■ The Third Circuit, specifically confronting this issue, held that Amendment 591 is not retroactively applicable. *Diaz,* 245 F.3d at 303. The Third Circuit had previously held that the pre-amendment guidelines required the sentencing court to perform a heartland analysis in making the initial choice of the appropriate guideline to apply. *See United States v. Smith,* 186 F.3d 290, 297–98 (3d Cir.1999), *superseded by rule as stated in Diaz,* 245 F.3d at 303. In *Diaz,* noting that Amendment 591 "plainly abrogates and overrules our prior construction of the guidelines in *Smith* and its progeny," the Third Circuit stated that "it is clear that Amendment 591 effects a substantive change to the Sentencing Guidelines as we interpreted them in *Smith.*" *Diaz,* 245 F.3d at 303. Because Amendment 591 abrogates the substantive meaning of the pre-amendment guidelines as interpreted by the Third Circuit, it effects a substantive change in the law, and is therefore not retroactively applicable. Accordingly, Amendment 591 does not apply to defendant's sentencing in 1994, and does not support defendant's claim for modification of sentence. Defendant's motion for reduction of sentence will be denied on this ground.

■ Furthermore, as the United States correctly contends, application of the current guidelines as modified by Amendment 591 would not change defendant's sentence. Defendant was convicted and sentenced for murder for hire, in violation of 18 U.S.C. § 1958. The guideline applicable to this offense is § 2E1.4, *see*

U.S.S.G.App. A, which provides a base offense level of (1) 32, or (2) the offense level applicable to the underlying unlawful conduct. *See* U.S.S.G. § 2E1.4 (2001).[2] Application Note 1 provides that "[i]f the underlying conduct violates state law, the offense level corresponding to the most analogous federal offense is to be used." U.S.S.G. § 2E1.4 cmt. n. 1. Due to defendant's conspiratorial conduct, the guidelines for the most analogous federal offense is U.S.S.G. § 2A1.5, Conspiracy or Solicitation to Commit Murder. *See* U.S.S.G. § 2A1.5. U.S.S.G. § 2A1.5 provides for a base offense level of 28 and contains a cross reference directing that "[i]f the offense resulted in the death of the victim, apply § 2A1.1." *Id.* at (c)(1). Here, because the murder for hire resulted in the death of the victim, the provision of U.S.S.G. § 2A1.1, First Degree Murder, is applicable, providing a base offense level of 43. *See* U.S.S.G. § 2A1.1. The commentary to this guideline states that "[t]he Commission has concluded that in the absence of capital punishment life imprisonment is the appropriate punishment for premeditated killing . . . . [T]his guideline also applies when death results from the commission of certain felonies." U.S.S.G. § 2A1.1 cmt. n. 1.

Defendant claims that he should have been sentenced for "the crime he was convicted of," the guideline for which is found at § 2E1.4, because "Amendment 591 simply states that if Petitioner is not convicted of the conduct do not punish him as if he was." Def.'s Reply Br. at 5. Amendment 591, however, "does not alter the court's obligation to apply 'appropriate cross-references' contained in a particular guideline." *Anderson v. United States*, No. 3–90–0165–H, 2001 WL 180140, at *2 (N.D.Tex. Feb. 16, 2001) (citing U.S.S.G.

§ 1B1.1(b)). Here, because loss of life resulted from defendant's conspiracy to commit murder, all as alleged in the indictment and as found by the jury's verdict, the Sentencing Guidelines mandate an offense level of 43 and life imprisonment in defendant's case. *See* U.S.S.G. § 2A1.1(a) & cmt. n. 1. Therefore, even if Amendment 591 were retroactively applicable, defendant's sentence would not be reduced.

## CONCLUSION

For the reasons discussed above, defendant's motion for reduction of sentence will be denied. The accompanying Order will be entered.

## *ORDER*

THIS MATTER having come before the Court upon motion by defendant Manuel Garcia for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2); and the Court having considered the parties' submissions; and for good cause shown; and for reasons stated in the Opinion of today's date;

IT IS on this day —— of May, 2002, hereby

ORDERED that defendant's motion for reduction of sentence shall be, and hereby is, ***DENIED***.

---

**2.** U.S.S.G. § 2E1.4 provides that "[t]his guideline and the statute to which it applies do not require that a murder actually have

been committed." U.S.S.G. § 2E1.4 cmt. background (2001).