**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 8, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT
_____

MANUEL GARCIA,

    Petitioner - Appellant,

v.

STANCIL,

    Respondent - Appellee.

No. 19-1286
(D.C. No. 1:19-CV-00868-LTB-GPG)
(D. Colo.)

_____

### ORDER AND JUDGMENT*
_____

Before **BACHARACH**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Manuel Garcia, a federal prisoner appearing pro se, appeals the district court's

dismissal of his Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C.

§ 2241. The court determined he had not shown that the remedy 28 U.S.C. § 2255

provides was "inadequate or ineffective to test the legality of his detention,"

§ 2255(e). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. **Background**

In 1994, a jury convicted Garcia in the United States District Court for the District of New Jersey for committing murder for hire in violation of 18 U.S.C. § 1958, and he was sentenced to life imprisonment. *See United States v. Garcia*, 204 F. Supp. 2d 790, 792 (D.N.J. 2002) (recounting case history). His conviction and sentence were affirmed on direct appeal. *See id.* In 1998, the district court denied his initial § 2255 motion, and the Third Circuit declined to issue him a certificate of appealability. *See id.* at 792. In 2002, Garcia moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 591 to the United States Sentencing Guidelines, which became effective in 2000. The district court denied that motion because Amendment 591 was not retroactively applicable and in any event the amendment would not change Garcia's sentence. *Garcia*, 204 F. Supp. 2d at 794-95. The Third Circuit affirmed without opinion. *United States v. Garcia*, 80 F. App'x 289 (3d Cir. 2003).

In 2019, while incarcerated at a Colorado prison, Garcia filed a § 2241 habeas application in the United States District Court for the District of Colorado. Based on intervening changes in statutory interpretation, he argued the sentencing court erred in looking to Sentencing Guideline § 2A1.5, Conspiracy or Solicitation to Commit Murder, instead of the guideline specific to his § 1958(a) murder-for-hire conviction, § 2E1.4, as set forth in Appendix A to the Guidelines. As explained in the district court's denial of Garcia's § 3582(c)(2) motion, the court had looked initially to § 2E1.4, but an application note there led it to § 2A1.5, and a cross-reference in

2

§ 2A1.5 led the court to the first-degree murder guideline, § 2A1.1, which directs a life sentence for a premeditated killing where the death penalty is not imposed. *See Garcia*, 204 F. Supp. 2d at 794-95. The court declined to reduce Garcia's sentence "because loss of life resulted from [his] conspiracy to commit murder, all as alleged in the indictment and as found by the jury's verdict." *Id.* at 795.

In his § 2241 application, Garcia acknowledged his claim relied only on intervening changes in statutory interpretation (including Amendment 591, the First Step Act of 2018, and various Supreme Court, Third Circuit, and other federal cases). Garcia also acknowledged he could not meet the requirements for a second or successive § 2255 motion because his claims did not rely on "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," § 2255(h). He thus asserted he should be allowed to seek § 2241 relief based on the "savings clause" of § 2255(e). Under the savings clause, "a federal prisoner may resort to § 2241 to contest his conviction if but only if the § 2255 remedial mechanism is 'inadequate or ineffective to test the legality of his detention.'" *Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011) (quoting § 2255(e)).[1]

---

[1] In full, § 2255(e) provides:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him

A magistrate judge ordered Garcia to show cause why the remedy § 2255 provides was "inadequate or ineffective to test the legality of his detention," § 2255(e). After Garcia responded, the magistrate judge issued a recommendation that the court dismiss the § 2241 application because Garcia did not meet his burden to show the savings clause applied. Garcia did not file any objections to the recommendation, and the district court adopted it, dismissing the application without prejudice. Garcia appeals.[2]

## II. **Discussion**

We review de novo a district court's dismissal of a § 2241 application based on a failure to show § 2255(e)'s savings clause applies. *See Hale v. Fox*, 829 F.3d 1162, 1170 (10th Cir. 2016). Garcia has the burden to show he satisfies § 2255(e). *See id.* Because Garcia represents himself, we afford his filings a liberal construction

---

relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

[2] We ordered Garcia to show cause why, under our "firm waiver rule," he had not waived his right to appellate review by failing to file timely objections to the magistrate judge's findings and recommendation. *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."); *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (explaining firm waiver rule and noting exceptions when (1) a district court does not inform a pro se litigant of the deadline for filing objections "and the consequences of failing to object" or (2) "the interests of justice require review" (internal quotation marks omitted)). Having reviewed Garcia's response to the show-cause order, which includes his objections to the recommendation, we conclude that although he received the required warning, an intervening prison lockdown may have prevented him from timely filing objections or seeking an extension of time to do so. We therefore will consider his objections as part of our merits analysis.

4

but do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Garcia argues that based on statutory interpretations and newly announced substantive law that post-date the resolution of his initial § 2255 motion, it is now clear that the sentencing court should have applied only the Guideline specific to his § 1958 conviction (§ 2E1.4) and not followed the path it took to the Guideline for first-degree murder (§ 2A1.1). Because the Third Circuit would permit him to use § 2241 in these circumstances, he asks us to apply the Third Circuit's savings-clause test. The Third Circuit's test permits a federal prisoner to proceed under § 2241 if he has not had an "earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). We recognize, as did the magistrate judge, that nine other circuit courts apply the same test as the Third Circuit. *See, e.g.*, *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 179-80 (3d Cir. 2017) (collecting circuit cases representing the majority and minority views). But our test, along with that of the Eleventh Circuit,[3] differs.

In *Prost*, we held that "[t]he relevant metric or measure" of § 2255's adequacy or effectiveness "is whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion. If the answer is yes, then the petitioner may not resort to the savings clause and § 2241." 636 F.3d at 584.

---

[3] *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1080, 1099-1100 (11th Cir. 2017) (en banc).

5

Among the reasons for our rule was that "[w]hen Congress adopted § 2255(h), . . . it was surely aware that prisoners might seek to pursue second or successive motions based on newly issued statutory interpretation decisions." *Id.* at 585. However, Congress chose to allow "statutory innocence" claims only "in *initial* § 2255 motions without risk of being time-barred,"[4] and not "in *second or successive* § 2255 motions." *Id.* at 585-86. Further, we rejected the argument Garcia implicitly makes—that a defendant "should be excused for failing to bring a 'novel' [statutory interpretation] argument for relief" in an initial § 2255 motion—i.e., one that a court had not yet approved. *Id.* at 589. We explained that "[t]o invoke the savings clause, there must be something about the initial § 2255 procedure that *itself* is inadequate or ineffective for *testing* a challenge to detention." *Id.* And "the fact that [a defendant] or his counsel may not have *thought* of [a novel statutory interpretation argument later approved by a court] earlier doesn't speak to the relevant question whether § 2255 *itself* provided [the defendant] with an adequate and effective remedial mechanism for testing such an argument." *Id.*

We are bound to apply *Prost*, notwithstanding the majority circuit view on application of the savings clause to claims that turn on new statutory interpretations. *See United States v. Brooks*, 751 F.3d 1204, 1209 (10th Cir. 2014) ("Absent *en banc*

---

[4] Congress accomplished this task through § 2255(f)(3), which allows the one-year limitations period for filing an initial § 2255 motion to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

6

reconsideration, we . . . cannot overturn the decision of another panel of this court" unless "the Supreme Court issues an intervening decision that is contrary to or invalidates our previous analysis." (internal quotation marks omitted)). We must therefore affirm the district court's judgment.

### III. **Conclusion**

For the foregoing reasons, we affirm the district court's judgment. We grant Garcia's motion to proceed in forma pauperis on appeal. Because the relevant statute, 28 U.S.C. §§ 1915(a)(1), excuses only "prepayment of fees," Garcia is obligated to pay the full amount of the appellate filing and docketing fees immediately to the United States District Court for the District of Colorado.

Entered for the Court


Bobby R. Baldock
Circuit Judge

7