**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WAYNE PAYMENT,

   Plaintiff-Appellant,

v.

BOP; KATHLEEN HAWK-SAWYER,
Director; AL HERRERA, Warden,

   Defendants-Appellees.

No. 00-1290
(District of Colorado)
(D.C. No. 00-Z-804)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Proceeding *in forma pauperis* and *pro se*, Plaintiff Wayne Payment appeals the district court's dismissal of the civil rights complaint he brought against the Bureau of Prisons pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In his complaint, Plaintiff alleged that his crime of conviction, unarmed bank robbery, was not a crime of violence and, therefore, his right to due process was violated when the BOP assigned him an offense severity rating of "greatest severity." Concluding that unarmed bank robbery is a crime of violence within the meaning of 18 U.S.C. § 924(c)(3), the district court dismissed the complaint *sua sponte* pursuant to 18 U.S.C. § 1915A(b) on the ground that it was legally frivolous. *See Royal v. Tombone*, 141 F.3d 596, 602 (5th Cir. 1998).

In this appeal, Plaintiff raises the same arguments he raised before the district court. Additionally, Plaintiff contends that the district court erred in dismissing his complaint under § 1915A because he paid the entire filing fee and, therefore, did not proceed *in forma pauperis* in district court. Plaintiff's argument is wholly without merit. The screening procedure set forth in § 1915A applies to all civil complaints filed by prisoners against governmental entities, officers, or employees regardless of whether the prisoner has paid the filing fee. *See Plunk v. Givens*, No. 00-1375, slip op. at 3 (10th Cir. December 12, 2000).

Thus, it was appropriate for the district court to dismiss Plaintiff's complaint pursuant to § 1915A.

Upon review of Plaintiff's complaint and appellate brief, the district court's order, and *de novo* review of the entire record on appeal, this court **affirms** the district court's dismissal of Plaintiff's complaint for substantially those reasons set forth in the district court's order dated June 28, 2000.   Plaintiff is reminded that he remains obligated to continue making partial payments of the appellate filing fee pursuant to § 1915(b).

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge