United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 23, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 02-10827
_____

ORVILLE LYNN HOLCOMBE,

Petitioner-Appellant,

versus

L.E. FLEMING, Warden, Federal Medical Center, Fort Worth,

Respondent-Appellee.

_____

Appeal from the United States District Court
For the Northern District of Texas
(No. 02-CV-473)

_____

Before SMITH, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Orville Lynn Holcombe ("Holcombe"), a federal prisoner, appeals the district court's denial

of his 28 U.S.C. § 2441 petition for habeas corpus challenging the execution of his sentence. For the

following reasons, we AFFIRM the decision of the district court.

## I. FACTS AND PROCEEDINGS

On May 4, 1993, the district court for the Western District of Texas sentenced Holcombe to

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

concurrent terms of imprisonment, the longest of which was 150 months, for possession of a machine gun, possession of an unregistered firearm silencer, and attempted manufacture of methamphetamine, in violation of 18 U.S.C., §§ 922(o), 924(a); 26 U.S.C. §§ 5861(d), 5871; and 21 U.S.C. §§ 841(a)(1) and 846.

While in prison, Holcombe completed the Bureau of Prison's ("BOP") 500-hour residential drug abuse program ("drug program") in hopes of receiving a sentence reduction under 18 U.S.C. § 3621(e)(2)(B)[1] after successfully completing the program. The Bureau staff based its determination of whether Holcombe was eligible for a sentence reduction on the version of the BOP Program Statement 5330.10 in effect at the time, which stated that an inmate was eligible to be considered for a sentence reduction "unless the inmate's current offense is determined to be a crime of violence as

---

[1]Section 3621(e)(2)(B) states:

> The period a prisoner convicted of a *nonviolent* offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

(emphasis added).

Section 3621 does not define "nonviolent offense". The early release incentive program authorized under § 3621 went into effect in 1994 under the Violent Crime Control and Law Enforcement Act of 1994. In authorizing the program, Congress did not specify a particular program, but instead left the contours of the program to the BOP's discretion:

> In effect, this subparagraph authorizes the Bureau of Prisons to shorten by up to one year the prison term of a prisoner who has successfully completed a treatment program, *based on criteria to be established and uniformly applied by the Bureau of Prisons.*

H.R. Rep. 103-320, 103rd Cong., 1st Sess. (1993) (emphasis added).

2

defined in 18 U.S.C. 924(c)(3)." At the time, Program Statement 5162.02,[2] which elaborated on the definition of "crime of violence", did not include the offenses for which Holcombe was convicted among those enumerated as crimes of violence. On November 21, 1995, the BOP notified Holcombe that he was eligible for a sentence reduction under § 3621(e)(2)(B).

In October 2001, the BOP notified Holcombe that he was no longer eligible for early release consideration because of a modification to 28 C.F.R. 550.58 that occurred on April 23, 1996,[3] which explained that certain categories of prisoners would not be considered for early release, including "inmates whose current offense is a felony . . . that involved the carrying, possession or use of a firearm or other dangerous weapon."[4] As a result, he was no longer eligible for a sentence reduction.

Holcombe exhausted his administrative remedies with the BOP on March 7, 2002. After the BOP denied him administrative relief, Holcombe filed a § 2241 petition against the Warden of the Federal Medical Center, L.E. Fleming ("Fleming") in May 2002, seeking early release. Fleming filed a motion to dismiss on June 27, 2002. Instead of ruling on the motion to dismiss, the district court denied Holcombe's petition on June 28, 2002. Holcombe timely filed a notice of appeal.

## II. STANDARD OF REVIEW

When reviewing the district court's denial of a habeas petition, this Court reviews the district court's determinations of law *de novo* and its findings of fact for clear error. *Warren v. Miles*, 230 F.3d 688, 691 (5th Cir. 2000).

---

[2]Program Statement 5162.02 became effective on July 25, 1995.

[3]The BOP issued Change Notice CN-01 to clarify the definition of "crimes of violence" used in Program Statement 5162.02.

[4]Drug Abuse Treatment and Intensive Confinement Center Programs: Early Release Consideration, 62 Fed. Reg. 53,690 (Oct. 15, 1997) (partially codified at 28 C.F.R. § 550.58).

## III. DISCUSSION

On appeal, Holcombe argues that when the BOP found him eligible for a sentence reduction in November 1995, it granted him a liberty interest in an early release. Moreover, he maintains that because his offense was not listed as a disqualified "crime of violence" in November 1995, it violated due process and the Ex Post Facto clause to retroactively apply the BOP's later modifications to the "crime of violence" definition to him. We disagree and affirm.

### A. Liberty Interest

In asserting that the BOP granted him a liberty interest when it initially determined him to be eligible for early release in November 1995, Holcombe relies on the Ninth Circuit's decision in *Cort v. Crabtree*, 113 F.3d 1081 (9th Cir. 1997). In that case, the Ninth Circuit held that once the BOP made a determination that an inmate was eligible for a sentence reduction under § 3621(e)(2)(B), the agency could not later retroactively apply its policy change which reversed the inmate's eligibility. *Id.* at 1086. The Court held that, based on *Bowen v. Georgetown University Hospital*, 488 U.S. 204 (1988), the BOP's new definition of "crime of violence" could not apply retroactively to inmates "already in the treatment program on the date of its adoption," or to those inmates who the BOP had already found eligible. *Cort*, 113 F.3d at 1086. This Court has previously explicitly declined to adopt this view in *Royal v. Tombone*, 141 F.3d 596, 601 (5th Cir. 1998).[5]

---

[5]Specifically, this Court found that because bank robbery includes as a necessary element the use of "force and violence", it was always a crime of violence under § 924(c)(3)'s definition. *Royal*, 141 F.3d at 602. As such, Royal was never legitimately eligible for a sentence reduction under § 3621(e)(2)(B), regardless of the impact of Change Notice CN-01 upon his sentence. *Id.*

Two recent Sentencing Guidelines cases have ruled that weapon possession is not a crime of violence under § 16(b), which includes the same definition of crime of violence as that stated in § 924(c)(3). *See, e.g., United States v. Medina-Anicacio*, No. 01-41171, 2003 WL 1469384 (5th Cir. Mar. 24, 2003) (possession of a concealed dagger); *United States v. Diaz-Diaz*, No. 02-

4

As this Court noted in *Welch v. Thompson*, 20 F.3d 636, 639-40 (5th Cir. 1994), "[i]n the prison context, a state creates a protected liberty interest when it limits official discretion in approving or denying an inmate's request or eligibility for a prison program. If the prison officials have wide authority and discret ion, usually no liberty interest is at stake." Typically, this Court examines whether the language in the statute is mandatory—i.e., the prisoner "shall" be eligible—in determining whether a statute has created a liberty interest. *Id.* at 640 n.12. The Supreme Court's examination of the BOP's broad discretion with regard to § 3621(e)(2)(B) is instructive in this case:

> Congress' use of the permissive "may" in § 3621(e)(2)(B) contrasts with legislators' use of "shall" in the very same section. Elsewhere in § 3621, Congress used "shall" to impose discretionless obligations, including the obligation to provide drug treatment when funds are available.

*Lopez v. Davis*, 531 U.S. 230, 241 (2001); *see also, Warren* , 230 F.3d at 693; *Wottlin v. Fleming*, 136 F.3d 1032, 1036 (5th Cir. 1998). Accordingly, the Court found that when an eligible inmate successfully completes the drug program, the BOP "has the authority, but *not the duty*, both to alter the prisoner's confinement and to reduce his term of imprisonment." *Id.* (emphasis added). In addressing the BOP's authority under § 3621, this Court has found that the BOP has a large measure of discretion. *Venegas*, 126 F.3d at 765.

Because of the broad discretion afforded to the BOP under § 3621(e)(2)(B), we find that the

20392, 2003 WL 1785764 (5th Cir. Apr. 3, 2003) (possession of a short-barrel firearm). However, these cases do not constrain the question before us. In *Venegas v. Henman*, 126 F.3d 760 (5th Cir. 1997), this Court ruled that the BOP was not bound in its exercise of discretion under § 3621(e)(2)(B) to rely on case law defining "crime of violence" in the criminal sentencing context. *Id.* at 762. Because we reach our decision today on grounds other than the crime of violence issue, we do not address whether "possession of a firearm" has always been a crime of violence under the BOP's guidelines.

BOP did not grant Holcombe a liberty interest when it initially found him eligible for a sentence reduction. It is noteworthy that the BOP never affirmatively granted Holcombe a reduction in his sentence—it only found him eligible for a reduction. "Eligibility is not entitlement." *Bellis v. Davis*, 186 F.3d 1092, 1094 (8th Cir. 1999) (quoting *Bush v. Pitzer*, 133 F.3d 455, 457 (7th Cir. 1997)). Thus, he cannot succeed on his liberty interest claim.

### B. Ex Post Facto Violation

Holcombe also cannot prevail on his Ex Post Facto claim. A law is *ex post facto* if it "assigns more disadvantageous criminal or penal consequences to an act than did the law in place when the act occurred." *Royal*, 141 F.3d at 603 (quoting *Weaver v. Graham*, 450 U.S. 24, 30 n.13 (1981)) (internal quotations omitted). Holcombe committed his offenses in August 1992, and was sentenced in May 1993. Subsection (e) of § 3621, which created the program giving the BOP discretion to reduce the sentences of eligible prisoners who complete the drug program, was not enacted until September 13, 1994. Because the sentence reduction program was not enacted until well after Holcombe committed his offense of possession of a machine gun, there was no possibility of a reduction in his sentence on this basis. Consequently, his ineligibility for the reduction does not render Program Statement 5126.02, as modified by Change Notice CN-01, "more onerous than the law in effect on the date of the offense," as is required for an *ex post facto* violation. *Id.* Therefore, we find that the application of Program Statement 5126.02, as modified by Change Notice CN-01, to Holcombe did not violate the Ex Post Facto Clause.

### IV. CONCLUSION

For the foregoing reasons, we find that the BOP did not grant Holcombe a liberty interest when it initially found him eligible for a sentence reduction, and that it did not violate the Ex Post

6

Facto Clause when it retroactively applied Program Statement 5126.02, as modified by Change Notice CN-01, in finding that he was not eligible for a sentence reduction. Therefore, we AFFIRM the judgment of the district court.