United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60200
Summary Calendar

SAMIR NAJJAR,

Petitioner-Appellant,

versus

KHURSHID Z. YUSUFF, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:02-CV-93-RG
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Samir Najjar, federal prisoner # 28828-018, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition, challenging his prison disciplinary conviction which resulted in the loss of 14 days' good-conduct time. Najjar renews his claim that he was denied due process at the disciplinary hearing. He also renews the claim, raised in his original petition, that his equal protection rights were violated; however, he makes no argument beyond the conclusional

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assertion that he was denied equal protection, and the claim is thus waived. See Royal v. Tombone, 141 F.3d 596, 599 n.3 (5th Cir. 1998). Alternatively, the claim fails because Najjar makes no argument that he is a member of any protected class. See Washington v. Davis, 426 U.S. 229, 247-48 (1976).

Najjar's due process claims are similarly unavailing. Najjar's assertion that he did not receive the requisite notice of the charges against him is incorrect; although he was charged with lying or providing a false statement to staff and was ultimately convicted of attempted lying, as the district court determined, the elements of the offense of lying and attempted lying are the same, the difference being only that in the latter case, the offense was not successfully completed. The notice Najjar received was thus constitutionally sufficient. See Wolff v. McDonnell, 418 U.S. 539, 564 (1974). Moreover, Najjar has not alleged any prejudice resulting from the allegedly defective notice, which failure defeats his claim. See Hallmark v. Johnson, 118 F.3d 1073, 1080 (5th Cir. 1997).

The denial of Najjar's requested witness likewise did not violate due process. See Wolff, 418 U.S. at 566. Moreover, even if the hearing officer erred in excluding his witnesses, Najjar has not shown that he was prejudiced, defeating his claim. See Banuelos v. McFarland, 41 F.3d 232, 234 (5th Cir. 1995).

To the extent that Najjar's remaining claims, that the hearing officer erred in relying on private, confidential records

and that Dr. Casiano was an incredible witness, can be construed as a challenge to the sufficiency of the evidence to support his disciplinary conviction, the claims fail because there was ample evidence to support the finding of guilt, as delineated in the hearing officer's written report.  See Hudson, 242 F.3d at 536-37. Najjar's claims are essentially a challenge to the weight and credibility the hearing officer afforded the evidence against him, but this court will not consider such claims.  See id. at 537; see also Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985).

Najjar has not demonstrated any error in the district court's judgment.  Accordingly, the judgment is AFFIRMED.