United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41686
Conference Calendar

_____

MICHAEL TAYLOR TREVINO,

                                   Plaintiff-Appellant,

versus

GARY JOHNSON, Executive Director, Texas Department
of Criminal Justice, Institutional Division; DAVID
STACKS, Senior Warden; JOHNNY ENGLISH, Lieutenant;
DAVID K. LIBBY, Correctional Officer,

                                   Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:03-CV-149
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Michael Taylor Trevino, Texas inmate # 684815, appeals from

the dismissal of his civil rights complaint, filed pursuant to 42

U.S.C. § 1983, as frivolous under 28 U.S.C. § 1915. Trevino's

claim that his placement in administrative segregation violated

his procedural due process rights relies on a legally nonexistent

interest and is, therefore, frivolous. See Sandin v. Conner, 515

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S. 472, 483-86 (1995); Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999); see also 28 U.S.C. § 1915(e)(2)(B)(i).

Although Trevino also alleged that his placement in administrative segregation violated his Eighth Amendment rights, he has abandoned any such claim by failing to brief it adequately. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Trevino's racial profiling argument is construed as an equal protection claim. See Royal v. Tombone, 141 F.3d 596, 599 n.4 (5th Cir. 1998). Because Trevino did not allege that similarly situated individuals had been treated differently and because the record shows that Trevino was placed in administrative segregation following a fight in a crowded day room, this claim is frivolous. See Muhammad v. Lynaugh, 966 F.2d 901, 903 (5th Cir. 1992). Trevino's arguments that his placement in administrative segregation violated prison policy and Texas law against racial profiling do not state constitutional violations. See Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986); Giovanni v. Lynn, 48 F.3d 908, 912-13 (5th Cir. 1995). The district court's judgment is AFFIRMED.

The district court's dismissal of Trevino's complaint as frivolous and this court's affirmance count as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Trevino is WARNED that if he accumulates three strikes, he may not proceed IFP in any civil

action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.