United States Court of Appeals
Fifth Circuit

**F I L E D**

August 17, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10106
Conference Calendar

_____

TOMMY GABRIEL,

                                        Petitioner-Appellant,

versus

L.E. FLEMING, Warden,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CV-937-Y
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

    Tommy Gabriel, federal prisoner # 08531-078, appeals the

district court's denial of his 28 U.S.C. § 2241 petition in which

he alleged that the Bureau of Prisons (BOP) had erroneously

calculated his initial custody classification.  Gabriel relies on

Sellers v. Bureau of Prisons, 959 F.2d 307 (D.C. Cir. 1992), in

support of his argument that, when calculating his initial

custody classification, the BOP incorrectly classified his

"failure to appear" for community supervision on a prior

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction as "absconding" or an "escape" from community supervision. Gabriel argues that, due to the classification error, he was ineligible for placement in less restrictive custody.

In the context of a 28 U.S.C. § 2241 petition, the district court's determinations of law are reviewed de novo and its findings of fact are reviewed for clear error. See Royal v. Tombone, 141 F.3d 596, 599 (5th Cir. 1998) (citation omitted). As a general rule, inmates have no protected liberty interest in initial custodial classification. See Wilkerson v. Stalder, 329 F.3d 431, 435-36 (5th Cir.), cert. denied, 124 S. Ct. 432 (2003). Absent an abuse of discretion by prison officials, the custodial classification will be upheld. Id. at 436.

Gabriel's reliance on Sellers is misplaced because the record in Gabriel's case contains administrative records from the BOP informing him that his classification status was consistent with the prison classification manual. Cf. Sellers, 959 F.2d at 312 (absence of administrative records for verification purposes). The classification manual used by the BOP includes the concepts of "failure to appear" and "absconding" from community supervision within the broad definition of "escape." Gabriel has failed to show that the BOP abused its discretion in assigning his initial custodial classification. See Wilkerson, 329 F.3d at 436. Accordingly, because Gabriel has no constitutional right in his initial custodial classification and

because the record reflects that the BOP did not abuse its discretion in assigning his initial classification, the district court did not err in denying Gabriel's 28 U.S.C. § 2241 petition. See Royal, 141 F.3d at 599.  The judgment of the district court is AFFIRMED.