IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 25, 2008

Charles R. Fulbruge III
Clerk

No. 08-30081
Summary Calendar

DAVID FUSELIER

Petitioner-Appellant

v.

FREDRICK MENIFEE; BUREAU OF PRISONS

Respondents-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:07-CV-1797

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

David Fuselier, federal prisoner # 11580-035, has appealed the district court's denial of his 28 U.S.C. § 2241 petition challenging the execution of the sentence imposed for his April 2003, guilty plea convictions for conspiracy to violate federal civil rights, interference with housing rights, and using fire or explosives to commit a felony. He argues that the Government waived jurisdiction of its right to execute his sentence due to its excessive delay in taking him into federal custody. He argues that after sentencing, he was taken

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to Calcasieu Correctional Center on April 15, 2003; he remained there until May 14, 2007, when he was transferred to a federal prison; he was not in federal custody during this time; and he did not receive credit toward his federal sentence for the time he served in Calcasieu Correctional Center.

Because Fuselier is challenging the execution of his sentence, a § 2241 petition is proper. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001). "In the context of a § 2241 petition, this court reviews the district court's determinations of law de novo and its findings of fact for clear error." Royal v. Tombone, 141 F.3d 596, 599 (5th Cir. 1998) (internal quotation marks omitted).

Fuselier's claim is not supported by the record. Fuselier was sentenced to a total of 13 years and one month. In his objections to the magistrate judge's report, Fuselier argued that he was not in federal custody while he was at Calcasieu Correctional Center and attached as exhibit A a document containing a handwritten notation that Fuselier "arrived in BOP custody at USP Pollock on 05/14/2007." Exhibit A apparently indicates the date on which Fuselier was physically transferred to the federal prison in Pollock, Louisiana. Fuselier's exhibit B, which was also attached to his objections, shows that he was held in continuous custody at Calcasieu Correctional Center from April 15, 2003, to January 8, 2007, as the state charges were dismissed in lieu of federal prosecution on April 15, 2003. It also shows that Fuselier's projected release date is March 5, 2014. This release date indicates that Fuselier was given credit toward his federal sentence for the time he served in Calcasieu Correctional Center. Therefore, the record shows that the Government did not delay the execution of Fuselier's federal sentence and, therefore, the Government did not waive jurisdiction of its right to execute his sentence. The district court did not err in determining that Fuselier was not entitled to federal habeas relief on this ground.

Fuselier has also filed a letter and attached a document from the United States Marshals Service Prisoner Tracking System, which he argues supports

his claim.  Because Fuselier presented this evidence for the first time on appeal, we may not consider it.  See Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999).  To the extent that Fuselier's letter concerning the new evidence may be construed as a motion to supplement the record on appeal, it is denied.

AFFIRMED; MOTION DENIED.