# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 5, 2013

No. 12-40443
Summary Calendar

Lyle W. Cayce
Clerk

HERIBERTO GARCIA,

Petitioner-Appellant

v.

U.S. ATTORNEY GENERAL ERIC HOLDER, Attorney General of the United States; JOHN KERRY, Secretary of State; KENNETH MAGIDSON, United States Attorney for the Southern District of Texas; ELIZABETH SAENZ, Acting United States Marshals Southern District of Texas; WARDEN GEORGE HEAD, Rio Grande Detention Center of Laredo, Texas,

Respondents-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:11-CV-165

Before STEWART, Chief Judge, and KING and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Heriberto Garcia appeals the dismissal of his 28 U.S.C. § 2241 petition. In that petition, he challenged the magistrate's certification that he should be extradited to Mexico to stand trial for a homicide.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40443

Habeas corpus review of a magistrate's certification order is "quite narrow." *Balzan v. United States,* 702 F.3d 220, 223 (5th Cir. 2012) (citation omitted). We ask only "'(1) whether the magistrate had jurisdiction, (2) whether the offense charged is within the treaty, and (3) by a somewhat liberal extension, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty.'" *Id.* (quoting *Fernandez v. Phillips*, 268 U.S. 311, 312 (1925)). The focus of the third inquiry is strictly to determine "whether there is any competent evidence tending to show probable cause." *Id.* (internal quotation marks and citation omitted). This requirement is designed to satisfy this country's "constitutional 'probable cause' standard in reviewing the sufficiency of the evidence in extradition proceedings." *Ntakirutimana v. Reno*, 184 F.3d 419, 427 (5th Cir. 1999). Probable cause exists when there is "any evidence warranting the finding that there was a reasonable ground to believe the accused guilty." *Fernandez*, 268 U.S. at 312; *see Balzan*, 702 F.3d at 224. A writ of habeas corpus in a case of extradition is not a means for rehearing the findings of the committing court. *Fernandez*, 268 U.S. at 312.

Although Garcia argued in the district court that his alibi evidence obliterated probable cause or that he should not be extradited for humanitarian reasons, Garcia does not assert these arguments in this court, and therefore has abandoned them. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *Royal v. Tombone*, 141 F.3d 596, 599 n. 3 (5th Cir. 1998). Instead, he focuses only on the third inquiry of the *Fernandez* test, arguing as he did in the district court, that the evidence is not competent to satisfy a finding of probable cause. He asserts that the eyewitness statements were not signed by the witnesses but by the investigating prosecutor, the statements contained legalese and boilerplate language, and the statements were poorly translated as well as inconsistent. He also challenges the Mexican authorities' photo line-up procedure.

No. 12-40443

Because Garcia did not argue in the district court that the statements were poorly translated, we need not address that contention. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000). Garcia effectively asks us to re-weigh the evidence. When reviewing the denial of habeas relief from a certification that someone is extraditable, we are not concerned with "[t]he weight and sufficiency of that evidence." *Balzan*, 702 F.3d at 223. Our review of evidence indicating guilt asks only whether there is "any competent evidence supporting a determination of probable cause." *Id.* at 224. The rules of evidence that govern "ordinary civil and criminal trials do not control what may be admitted in an extradition hearing." *Id.* Under 18 U.S.C. § 3190, a properly authenticated document is admissible at such a hearing and "may serve as competent evidence in support of a magistrate's determination." *Id.*; *see Escobedo v. United States*, 623 F.2d 1098, 1103 (5th Cir. 1980).

In the district court, Garcia did not challenge the documents that Mexico submitted as not properly authenticated, and he does not make that challenge now. Mexico's properly authenticated documents established that one person witnessed the shooting of the victim and she identified Garcia as the person who shot the victim; that another person saw Garcia in the bar at the time the victim was shot, heard the shot, and turned around to see Garcia standing behind the victim until he fell to the ground; and that a third person saw Garcia arrive at the bar driving a black pickup whose ownership was traced to Garcia. This properly authenticated evidence was competent evidence that supported the magistrate's determination that probable cause existed to believe that Garcia shot the victim. *See Balzan*, 702 F.3d at 224; *Ntakirutimana*, 184 F.3d at 427-29.

AFFIRMED.