# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 2, 2016

Lyle W. Cayce
Clerk

No. 15-11186
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KENNETH DALE BRUCE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-442-1

Before HIGGINBOTHAM, PRADO and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kenneth Dale Bruce was convicted of one count of bank robbery and one count of brandishing a firearm during a crime of violence (COV); the district court sentenced him to serve 176 months in prison and a two-year term of supervised release. Now, he argues that the district court should not have accepted his guilty plea as to the firearms charge, and this conviction should

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11186

be vacated, because his bank robbery conviction does not qualify as a COV in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

The issue whether a district court erred by accepting a guilty plea presents a factual question that we review under the clear error standard. *United States v. Reasor*, 418 F.3d 466, 470 (5th Cir.2005).  Clear error occurs when, after reviewing all of the evidence, we are "left with the definite and firm conviction that a mistake has been made." *United States v. Cordova-Soto*, 804 F.3d 714, 718 (5th Cir. 2015), *cert. denied*, __ S. Ct. __, 2016 WL 361630 (June 27, 2016).  In light of our prior jurisprudence, Bruce has not met this standard. *See Royal v. Tombone*, 141 F.3d 596, 601 (5th Cir. 1998) (per curiam).

AFFIRMED.